STATE OF NEBRASKA, APPELLEE, V. WALTER W. ROLLING,
APPELLANT.
352 N.W.2d 175

Filed July 20, 1984.   No. 83-843.

Walter W. Rolling, pro se.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired.

KRIVOSHA, C.J.

The appellant, Walter W. Rolling, apparently committed to the adage, "If at first you don't succeed, try, try again," has once more sought relief in this court. In view of the action we are required to take, perhaps Rolling should better have adopted the adage, "Let sleeping dogs lie."

On April 29, 1980, Rolling was charged in a five-count information. Count I charged him with a violation of a Class I misdemeanor. Count II charged him with a violation of a Class IV felony, while counts III and IV charged him with a violation of a Class III felony, including using a knife to commit a felony, in violation of Neb. Rev. Stat. § 28-1205 (Reissue 1979). Upon conviction under this section the sentence imposed must, by statutory mandate, run consecutive to any other sentences imposed. Count V alleged facts which, if true, made Rolling a habitual criminal and subject to the provisions of Neb. Rev. Stat. § 29-2221 (Reissue 1979).

Following trial, Rolling was found guilty by a jury on all four substantive counts, and after a proper hearing he was sentenced by the trial court as follows: count I, misdemeanor theft, 161 days in jail; count II, felony theft, 1 year in the Nebraska state penitentiary; count III, attempted robbery, felony, 5 years in the Nebraska state penitentiary; count IV, use of a firearm to commit a felony, not less than 4 nor more than 7 years in the Nebraska state penitentiary; and count V, being a habitual criminal, not less than 4 nor more than 7 years in the Nebraska state penitentiary. The trial court ordered that the sentences imposed on counts I, II, and III shall be served concurrently, and the sentences for counts IV and V shall also be served concurrently but consecutive to the sentences in counts I, II, and III. Rolling then appealed to this court, maintaining that the evidence was insufficient for the jury to find him guilty beyond all reasonable doubt and that the sentences imposed were harsh and an abuse of discretion. We overruled both of the assignments and affirmed the conviction. See *State v. Rolling*, 209 Neb. 243, 307 N.W.2d 123 (1981) (*Rolling I*). We did, however, note plain er-

ror in *Rolling I* in that the sentences imposed by the trial court were in violation of the statutes. Specifically, we said:

> Rolling was found by the court to be an habitual criminal. Nevertheless, he was sentenced by the trial court on the first four counts to terms of imprisonment of less than 10 years. In addition, he was specifically sentenced to a term of imprisonment as an habitual criminal. The sentencing is in all respects improper and must be corrected. Under the provisions of § 29-2221, one is not sentenced as an habitual criminal. This is due to the fact that the habitual criminal statute is not a separate offense but, rather, provides an enhancement of the penalty with a minimum sentence of 10 years and a maximum sentence of 60 years *for each conviction [of] one found to be an habitual criminal* even though, absent a conviction as an habitual criminal, the minimum or maximum sentence might be less. See *State v. Journey,* 201 Neb. 607, 271 N.W.2d 320 (1978).

(Emphasis supplied.) *Id*. at 245, 307 N.W.2d at 125.

We therefore set aside the sentences and remanded the case to the trial court for proper sentencing. See *State v. Gaston*, 191 Neb. 121, 214 N.W.2d 376 (1974). Upon remand the trial court, for reasons not at all clear from the record, resentenced Rolling as follows: count I, misdemeanor theft, 161 days in jail; count II, felony theft, *1* year in the Nebraska state penitentiary; count III, attempted robbery, felony, *5* years in the Nebraska state penitentiary; count IV, use of a firearm to commit a felony, not less than 10 nor more than 60 years in the Nebraska state penitentiary. Counts I, II, and III were to be served concurrently with each other, and count IV was to be served consecutive to the sentences imposed on counts I, II, and III. The records before this court indicate that Rolling took no direct appeal of that sentence to this court but, instead, on December 14, 1982, filed a petition seeking post conviction relief pursuant to the provisions of Neb. Rev. Stat. § 29-3001 (Reissue 1979). The trial court denied Rolling's petition, and on appeal to this court the denial of relief was affirmed under our Neb. Ct. R. 7B(2) (Rev. 1983).

Rolling, dissatisfied with that result, filed a second petition

on September 12, 1983, seeking post conviction relief, and once again the trial court dismissed his petition. It is from this denial that he now appeals to this court.

Normally, we would not grant any relief in this case on the basis that matters relating to sentences imposed within statutory limits are not a basis for post conviction relief. See *State v. DeLoa*, 194 Neb. 270, 231 N.W.2d 357 (1975). Further, once post conviction relief has been denied, subsequent petitions will not be entertained unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of the filing of the prior motion for post conviction relief. See, *State v. Newton*, 202 Neb. 361, 275 N.W.2d 297 (1979); *State v. Ohler*, 215 Neb. 401, 338 N.W.2d 776 (1983). We are, however, compelled to accept jurisdiction in this case because the sentences imposed by the trial court still do not conform to the requirements of law and, therefore, are invalid on their face.

Section 29-2221 clearly and specifically provides as follows:

(1) Whoever has been twice convicted of crime, sentenced and committed to prison, in this or any other state, or by the United States, or once in this state and once at least in any other state, or by the United States, for terms of not less than one year each, *shall*, upon conviction of *a felony* committed in this state, be deemed to be an habitual criminal, and *shall* be punished by imprisonment in the Nebraska Penal and Correctional Complex for a term of *not less than ten* nor more than sixty years . . . .

(Emphasis supplied.)

The information in this case alleges facts pursuant to the provisions of § 29-2221(2), and the record in this case clearly and unequivocally discloses, that before Rolling was convicted of any of the felonies set out in the information in this case, he had twice before been convicted of a crime, sentenced, and committed to prison for terms of not less than 1 year. Therefore, upon conviction of each of the felonies in this case, the trial court was required to impose minimum sentences on *each* felony count of not less than 10 years. In *Kennedy v. State*, 171 Neb. 160, 105 N.W.2d 710 (1960), we discussed in some detail the effect of being found to be a habitual criminal, saying at 163-65, 105

N.W.2d at 715:

> "The charge that one accused of crime is an habitual criminal is not the charge of a distinct offense or crime. It is a direction of attention to facts which under the statute and the crime charged in the information are determinative of the penalty to be imposed.
>
> "The habitual criminal law does not set out a distinct crime, but provides that the repetition of criminal conduct aggravates the offense and justifies heavier penalties. . . ."
>
> . . . .
>
> . . . "When a proper record of a previous conviction has been produced, it becomes a matter of law for the court to determine whether or not that record establishes a previous conviction for the violation of a statute."

Thus, whether or not defendant was an habitual criminal was not an issue upon defendant's trial of the felonies charged in counts I and II, but was one required to be heard by the trial court alone after the trial was held and defendant was found guilty.

In *Berning v. Commonwealth*, 550 S.W.2d 561 (Ky. 1977), the defendant was charged with breaking into a store, malicious shooting with intent to kill, and with being a habitual criminal. Because he was a habitual criminal, upon conviction his sentence was enhanced to two life sentences. Berning argued that the "charge" of being a habitual criminal only applied to one of the substantive counts. In rejecting his argument the Kentucky Supreme Court said at 564:

> "The fallacy in the opinion of the Lyon Circuit Court lies in its conclusion that only as to *one* subsequent felony can the punishment be enhanced by reason of previous felony convictions. Our cases make it clear that the enhancement validly is applicable to *every* subsequent felony. * * *"

> Suffice it to say, therefore, that it is not necessary in an indictment to charge facts constituting a basis for the imposition of the habitual criminal penalty for each primary offense constituting separate counts of an indictment. One properly pleaded charge of being a habitual criminal is sufficient for an indictment containing multiple charges.

In the instant case count V simply called the court's attention to the fact that before committing any of the felonies set out in the information, Rolling had twice before been convicted of felonies and sentenced to a term of 1 year or more in prison. While count V makes reference to count IV, the allegations to the effect that Rolling was a habitual criminal before he committed any of the crimes set out in counts II, III, and IV subjected Rolling to the consequences of the habitual criminal act on all counts. Therefore, upon conviction of counts II, III, and IV, the court was required to impose minimum sentences on each count of not less than 10 years.

Because this is a post conviction proceeding brought pursuant to the provisions of §§ 29-3001 et seq., we are required to remand this case to the trial court for further sentencing. In doing so, we believe that the trial court should consider certain relevant factors.

Following the trial, the court sentenced Rolling to imprisonment as follows: count I, misdemeanor theft, 161 days in jail; count II, felony theft, 1 year in the Nebraska state penitentiary; count III, attempted robbery, felony, 5 years in the Nebraska state penitentiary; count IV, use of a firearm to commit a felony, not less than 4 nor more than 7 years in the Nebraska state penitentiary; and count V, being a habitual criminal, not less than 4 nor more than 7 years in the Nebraska state penitentiary. No sentence imposed upon Rolling was more than 7 years. Following our direction to the trial court that Rolling be resentenced, the trial court imposed the exact same sentences on counts I, II, and III, but sentenced Rolling on count IV to imprisonment in the Nebraska state penitentiary for a term of not less than 10 nor more than 60 years. Nothing in the record indicates the reason why an increased sentence of 60 years was imposed. While it is true that § 29-2221 provides that the minimum sentence shall be not less than 10 nor the maximum more than 60 years, nothing contained in the act requires the trial court to impose the maximum sentence. The only requirement is the imposition of the minimum sentence. In view of the fact that the trial court initially sentenced Rolling to imprisonment of not more than 7 years on count IV, and, further, in view of the fact that the provisions of § 29-2221 require the trial court to

impose a minimum sentence but do not make such requirement with regard to a maximum sentence, we are simply at a loss to understand why the trial court, on resentencing, would impose a maximum sentence of 60 years on Rolling. Rolling argues that in some manner the imposition of the maximum sentence is due solely to the fact that he appealed. While we have no evidence to support that claim, if true, such sentence would be directly in violation of the pronouncements of the U.S. Supreme Court in *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), and thus invalid.

It would therefore appear to us that unless some evidence is presented at the third sentencing to indicate that a more severe sentence than the minimum required by law should be imposed, a sentence of 10 years on each of the felony counts, with the serving of such time on counts II and III to be concurrent and on count IV to be consecutive to counts II and III, would seem to be the most that could be imposed by the trial court. For these reasons, therefore, the sentences of the trial court are vacated and set aside and the matter remanded to the trial court with directions to impose proper sentences in this case.

REVERSED AND REMANDED WITH DIRECTIONS.