**Ronald E. WILLIAMS, Appellant,**

v.

**John J. DAHM, Appellee.**

**No. 91–3483.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1992.

Decided May 1, 1992.

Michael Gutowski, Omaha, Neb., for appellant.

Donald Kohtz, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.

PER CURIAM.

Ronald E. Williams, a Nebraska prisoner, appeals from the district court's [1] order denying his 28 U.S.C. § 2254 petition. We affirm.

Williams shot and killed Eric Holmes early on the morning of April 13, 1986. The State charged Williams with first-degree murder and use of a firearm in the commission of a felony. Williams claimed the shooting was justified because he acted in self-defense. A jury found Williams guilty of second-degree murder and the firearm charge. The court sentenced Williams to a total of twenty-three years in prison. On direct appeal, Williams argued only that the evidence was insufficient to support the conviction. The Nebraska Supreme Court affirmed. *State v. Williams*, 226 Neb. 647, 413 N.W.2d 907, 910 (1987).

Following his unsuccessful appeal, Williams filed a pro se motion for postconviction relief, alleging that his trial counsel was ineffective for a number of reasons. The state court appointed counsel, held an evidentiary hearing, and denied relief. The Nebraska Supreme Court affirmed. *State v. Williams*, 234 Neb. 890, 453 N.W.2d 399 (1990).

Williams then commenced the instant habeas action. As grounds for relief, he alleged that the evidence was insufficient to support his conviction and that he was denied his Sixth Amendment right to effective assistance of counsel. The magistrate judge [2] recommended denying the petition. The district court adopted this recommendation over Williams's objections. On appeal, Williams reiterates the arguments presented to the district court.

In a challenge to the sufficiency of the evidence to support a state court conviction, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Under this standard, we conclude the evidence presented at trial was more than sufficient. Williams claimed he acted in self-defense, but two eyewitnesses stated that just before the shooting, they saw Holmes raise his hands, turn towards Williams and state, "Man, I don't have anything." (Bill of Exceptions, Vol. IV at 337, 350.) While Williams presented evidence which tended to contradict this testimony regarding the position of Holmes's hands, the jury was entitled to disregard it.

Williams's ineffective-assistance claim is governed by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail, Williams must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064. To establish prejudice a defendant has to demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. After reviewing the record, we agree

---

1. The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska.

2. The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

with the district court's conclusion that Williams has failed to establish that his defense was prejudiced by any of counsel's alleged errors.

Accordingly, we affirm.