STATE OF NEBRASKA, APPELLEE, v. ROBERT C. BLACKSON, APPELLANT.
515 N.W.2d 773

Filed May 6, 1994.   No. S-93-528.

Thomas M. Kenney, Douglas County Public Defender, Thomas C. Riley, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

The defendant-appellant, Robert C. Blackson, was convicted of second degree murder, first degree assault, and two counts of using a firearm in the commission of a felony. He was sentenced to a term of life imprisonment for his murder conviction, 6 to 10 years' imprisonment for his assault conviction, and terms of 10 years' imprisonment for each count of using a firearm to commit a felony, such sentences to run consecutively. The appellant now appeals his murder conviction, contending only that the district court erred in overruling his objection to the jury instruction which instructed the jury to consider the lesser offense of manslaughter only after finding that the State failed to prove that the appellant was guilty of second degree murder.

The events which led to the appellant's conviction began on the night of December 19, 1992, when the assault victim, George Smith, accompanied the murder victim, Richard Green, to a birthday party. Both Smith and Green were members of the "Crips" street gang. Smith had been at the party earlier in the evening and had then encountered members of the rival "Bloods" street gang. As he returned to the party accompanied by Green, Smith was carrying a loaded gun in his waistband.

When Smith and Green arrived at a point near the location of the party, they exited their vehicle and immediately began arguing with members of the Bloods. Smith then pulled his gun from his waistband and returned to the vehicle, placing his gun on the floorboard. Green also returned to the vehicle, but the two could not leave because they could not locate the keys to the vehicle.

Although the record contains conflicting testimony as to who fired the initial shots, Smith testified that while looking through the backseat passenger window of the vehicle, he observed the appellant pointing a revolver at him. According to Smith, the appellant shot him and continued shooting while Smith reached down, retrieved his gun, and returned fire. Smith suffered a wound to his neck. Green died from acute blood loss due to hemorrhaging from a gunshot wound to his stomach.

In his sole assignment of error, the appellant asserts that the district court erred in overruling his objection to jury instruction No. 6. That instruction, as given to the jury, states:

Under the Information in this case, depending on the evidence which you find that the State has proved beyond a reasonable doubt, you may find the defendant as to Count I:

1. Guilty of murder in the second degree, or
2. Guilty of manslaughter, or
3. Not guilty.

## SECTION I

The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict the defendant of the crime of murder in the second degree are:

1. That the defendant, Robert C. Blackson, on or about December 19, 1992, did kill Richard L. Green, Jr.
2. That he did so in Douglas County, Nebraska; and
3. That the defendant did so intentionally, but without premeditation.

The State has the burden of proving beyond a reasonable doubt each and every one of the foregoing material elements of the crime of murder in the second degree in order to convict the defendant of the crime of murder in the second degree.

If you find from the evidence beyond a reasonable doubt that each of the foregoing material elements set out in this Section I is true, it is your duty to find the defendant guilty of the crime of murder in the second degree done purposely and maliciously but without deliberation and premeditation, and you shall so indicate by your verdict.

If, on the other hand, you find that the State has failed to prove beyond a reasonable doubt any one or more of the material elements in Section I, it is your duty to find the defendant not guilty of the crime of murder in the second degree. You shall then proceed to consider the lesser included offense of manslaughter set out in Section II.

## SECTION II

The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict the defendant of the crime of manslaughter are:

1. That the defendant, Robert C. Blackson, killed Richard L. Green, Jr.

2. That he did without malice, either

a. intentionally upon a sudden quarrel, or

b. unintentionally while in the commission of an unlawful act.

3. That he did so on or about December 19, 1992 in Douglas County, Nebraska.

If you find from the evidence beyond a reasonable doubt that each of the foregoing material elements has been proved beyond a reasonable doubt, it is your duty to find the defendant guilty of the crime of manslaughter. On the other hand, if you find the State has failed to prove beyond a reasonable doubt any one or more of the foregoing material elements, it is your duty to find the defendant not guilty of manslaughter and not guilty of any charge in Count I . . . .

The appellant argues that jury instruction No. 6 required the jury to reach a unanimous not guilty verdict with respect to the charge of second degree murder before it could consider the lesser offense of manslaughter. The appellant also contends that under *State v. Pettit*, 233 Neb. 436, 445 N.W.2d 890 (1989), the only distinction between second degree murder, Neb. Rev. Stat. § 28-304 (Reissue 1989), and manslaughter, Neb. Rev. Stat. § 28-305 (Reissue 1989), with respect to an intentional killing, is that manslaughter contains an additional element, i.e., that the intentional killing occurred "upon a sudden quarrel." With that distinction in mind, he then contends that because the jury was instructed to find him guilty of second degree murder if it found the State had proven each of the elements of that crime, the jury was precluded from considering the lesser offense of manslaughter, which required the additional element that the killing occurred upon a sudden quarrel.

In *State v. Jones, ante* p. 821, 515 N.W.2d 654 (1994), a

case released today that involves a similar jury instruction, this court addressed the issues raised by the appellant. As stated in *Jones*:

> The instruction as given does not require that the jury unanimously decide that the defendant is not guilty of first degree murder before considering a lesser offense. Although any verdict finally arrived at by the jury must be unanimous, the jury is not required in its preliminary deliberations and discussion to be unanimous before considering whether the defendant is guilty of a lesser offense.

*Id.* at 828, 515 N.W.2d at 658.

In addition, *Jones* overrules *Pettit* and holds that there is no requirement of an intention to kill in committing manslaughter. As decided in *Jones*, "[t]he distinction between second degree murder and manslaughter upon a sudden quarrel is the presence or absence of an intention to kill." *Id.* at 830, 515 N.W.2d at 659. Thus, once a jury finds that a killing is intentional, it cannot reach a manslaughter verdict in lieu of a second degree murder verdict. In this instance, the jury necessarily found that the killing was intentional in order to find the appellant guilty of second degree murder.

In *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994), this court held that malice is an essential element of second degree murder and that an instruction which failed to include malice as such an element of that offense was plain error and prejudicial. Although the intructions given in this case did not define malice and did not specifically define malice as a necessary element of second degree murder, in instruction No. 6 the jury was advised that if the jury found from the evidence beyond a reasonable doubt each of the material elements of murder in the second degree as set out in the instruction, it was the duty of the jury to find the defendant guilty of murder in the second degree "done purposely and maliciously but without deliberation and premeditation, and you shall so indicate by your verdict."

A finding that the defendant killed another purposely and maliciously but without deliberation and premeditation and without just cause or excuse satisfies the requirement that the killing was done with malice. The trial court in separate

instructions advised the jury as to justification for the use of force by the defendant.

The judgment of the district court is affirmed.

AFFIRMED.

WRIGHT, J., participating on briefs.