STATE OF NEBRASKA, APPELLEE, V. FRANK R. LADIG, ALSO KNOWN AS FRANK E. LADIG, APPELLANT.

519 N.W.2d 561

Filed July 29, 1994.   No. S-93-1016.

R. Bradley Dawson and George E. Clough, of Clough, Dawson & Piccolo, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

PER CURIAM.

Frank R. Ladig, also known as Frank E. Ladig, was convicted of aiding and abetting second degree murder. The

district court sentenced Ladig to life in prison, ordered that he be placed in solitary confinement on four separate dates each year, and ordered him to pay restitution. He assigns as error that the district court abused its discretion in imposing an excessive sentence and in ordering solitary confinement and restitution. We reverse the judgment and remand the cause for further proceedings.

## FACTS

On January 21, 1993, an information was filed in Lincoln County District Court which charged Ladig with aiding and abetting first degree murder and aiding and abetting attempted robbery in regard to the death of Richard Sterkel on July 28, 1992. Pursuant to a plea agreement, an amended information was filed on September 16, 1993, which charged Ladig with aiding and abetting second degree murder.

The plea agreement, which was stated for the record, required that Ladig enter a no contest plea to aiding and abetting second degree murder and that he testify in the trial of Darrin McHenry, who was charged with first degree murder in Sterkel's death. The agreement provided that a sexual assault charge would not be filed against Ladig in Dawson County. With regard to sentencing, the plea agreement provided that the State could request that Ladig be sentenced to life in prison.

The amended information stated that "on or about July 28, 1992, [Ladig] did aid, abet, procure or cause another to intentionally, but without premeditation, kill Richard Sterkel" in Lincoln County, Nebraska. The amended information did not allege that Ladig's actions were taken purposely and maliciously.

The court accepted the plea, finding that there was a factual basis for the plea and that the plea was made knowingly, voluntarily, and intelligently. The court found Ladig guilty of aiding and abetting second degree murder, based on the evidence in the trial of McHenry. A Class I presentence investigation was ordered.

At the sentencing hearing, the State requested the imposition of a life sentence with solitary confinement and restitution. Ladig informed the court that he had nothing to say before

sentence was passed. The court opined that all three defendants involved in the death were equally culpable. The court then sentenced Ladig to life in prison and ordered Ladig to pay restitution, jointly and severally with the other two defendants, in the amount of $4,653.77. The court ordered Ladig to pay the court costs, but found them to be uncollectible. Ladig was not given credit for time served because there was no term to the sentence.

## ANALYSIS

The amended information upon which Ladig was convicted and upon which his plea of no contest was entered was worded in the language of Neb. Rev. Stat. § 28-304 (Reissue 1989) and did not allege malice as a specific element of the crime.

In *State v. Myers*, 244 Neb. 905, 907, 510 N.W.2d 58, 62 (1994), we stated, "[I]t was plain error to omit the element of 'malice' from the jury instructions defining second degree murder," and we reversed Myers' conviction for second degree murder and granted him a new trial.

On appeal, Ladig does not assign as error the failure of the information to include malice in the charge. Although an appellate court does not consider assignments of error not listed and discussed in the briefs, it always reserves the right to note plain error which was not complained of at trial or on appeal but is plainly evident from the record, and which is of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id.* In this case, we note plain error because of the failure of the information to include the element of malice.

In *State v. Grimes, ante* p. 473, 519 N.W.2d 507 (1994), the information charging Craig T. Grimes omitted malice from the charge. We held that for an information to be sufficient to charge a defendant with second degree murder, the information must allege that the accused killed another purposely and maliciously.

In *State v. Manzer, ante* p. 536, 519 N.W.2d 558 (1994), Christopher J. Manzer, as the result of a plea agreement, pled guilty to second degree murder, assault in the first degree, and use of a firearm to commit a felony. On appeal to this court,

Manzer's sole assignment of error was the excessiveness of his sentences. In reversing his conviction for second degree murder, we held: "[T]he failure to include malice as an element of murder in the second degree is plain error." *Id.* at 538, 519 N.W.2d at 559.

Accordingly, the judgment of conviction, the sentence, and the order for restitution must be reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WRIGHT, J., dissenting.

I respectfully dissent from the majority's decision, which reversed the judgment of conviction of aiding and abetting second degree murder and remanded the cause for further proceedings.

On January 21, 1993, an information was filed in Lincoln County District Court which charged Ladig with aiding and abetting first degree murder and aiding and abetting attempted robbery in regard to the death of Richard Sterkel on July 28, 1992. Pursuant to a plea agreement, an amended information was filed on September 16, 1993, which charged Ladig with aiding and abetting second degree murder.

· Ladig waived his right to wait 24 hours before entering a plea to the charge stated in the amended information and appeared before the court with his attorney on September 16, 1993. The amended information stated that on or about July 28, 1992, Ladig did aid, abet, procure, or cause another to intentionally, but without premeditation, kill Sterkel in Lincoln County, Nebraska. The court informed Ladig that second degree murder was a Class IB felony punishable by a minimum of 10 years' imprisonment and a maximum of life imprisonment and that the sentence imposed had to be within the range of 10 years to life. Ladig stated that he understood.

The court advised Ladig that by entering a plea of no contest, he waived the right to have a speedy and public trial before a jury, the right to see and hear all of the witnesses called to testify against him and to cross-examine such witnesses, and the right to call his own witnesses and present evidence. He was also advised that he had the right to refuse to testify, that he was presumed innocent, and that such presumption remained with

him throughout the trial until the State proved him guilty.

The court informed Ladig that by entering a plea of no contest, he would be giving up any defenses or challenges that he might have to the admissibility of any statements made by him or to the evidence presented. Ladig indicated that he understood. The court then asked Ladig whether he had discussed his plea with his attorney, whether he was satisfied with his attorney's representation, and whether his rights had been explained to him. Ladig answered yes to these questions. The court noted:

> Aiding, abetting, procuring or causing in the State of Nebraska means that if you helped, hired or were involved in the killing of Richard Sterkel with the other person, then you, as an aider or abettor, are just as guilty as if you had done it yourself. Do you understand that?

Ladig answered yes and entered a plea of no contest to the amended information. The court accepted as a factual basis the evidence the court heard in the trial of Ladig's codefendant Darrin McHenry.

The court then inquired whether anyone had threatened Ladig in any manner to get him to enter the plea, had promised him leniency other than the plea agreement, had kept food or water from him, or had kept him in solitary confinement in order to make him enter his plea. Ladig responded in the negative.

The court accepted the plea, finding that there was a factual basis for the plea and that the plea was made knowingly, voluntarily, and intelligently. The court found Ladig guilty of aiding and abetting the second degree murder of Sterkel, based on the evidence in the trial of McHenry. A Class I presentence investigation was ordered.

At the sentencing hearing, the court sentenced Ladig to life in prison, finding that all three defendants involved in Sterkel's death were equally culpable. As a part of the sentence, the court ordered Ladig to be placed in solitary confinement for 4 days each year. The court also ordered Ladig to pay restitution for the costs of Sterkel's burial. On appeal, Ladig asserted that the district court abused its discretion by sentencing Ladig to life imprisonment, by ordering that Ladig be placed in solitary

confinement for 4 days each year, and by ordering that Ladig pay restitution to Sterkel's family.

For the reasons set forth in my dissents in *State v. Grimes, ante* p. 473, 519 N.W.2d 507 (1994), and *State v. Manzer, ante* p. 536, 519 N.W.2d 558 (1994), I would affirm Ladig's conviction for aiding and abetting second degree murder. I can find no basis for reversing Ladig's conviction because the amended information did not say that he maliciously committed the crime with which he was charged, to which he pled no contest, and for which he was subsequently convicted.