STATE OF NEBRASKA, APPELLEE, V. RAMIRO MARTIN, ALSO KNOWN AS RAMIRO MARTINEZ-AMEZQUITA, APPELLANT.

524 N.W.2d 58

Filed November 18, 1994. No. S-94-104.

William F. Eustice, of Gallup & Schaefer, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

LANPHIER, J.

Francisco Jaiver Ponce Ledezma was murdered on October 31, 1990, in Madison County, Nebraska. Three years later, on October 27, 1993, appellant, Ramiro Martin, entered a plea of no contest to a charge of second degree murder for the killing of Ledezma. Subsequently, the district court for Madison County sentenced Martin to an indeterminate term of not less than 40 years nor more than life in prison. Apparently, this sentencing was pursuant to Neb. Rev. Stat. § 29-2204 (Supp. 1993), which became effective September 9, 1993. On appeal, Martin's sole assignment of error is that the district court erred in imposing his sentence. Martin asserts that the district court could not impose an indeterminate sentence under the law in effect on the date of the crime. Martin asserts that pursuant to Neb. Rev. Stat. §§ 28-105 and 28-304 (Reissue 1989), the district court could sentence him only to imprisonment for life or for a definite term of not less than 10 years. We agree. On October 31, 1990, the date of the murder, courts were not authorized to sentence one convicted of second degree murder to an indeterminate sentence. Therefore, the district court imposed

an invalid sentence upon Martin. However, because the third amended information, upon which Martin was arraigned and sentenced, failed to allege "malice" as a specific element of second degree murder, the judgment is reversed and the cause remanded for further proceedings pursuant to *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994), and *State v. Manzer, ante* p. 536, 519 N.W.2d 558 (1994).

## BACKGROUND

On October 27, 1993, a third amended information was filed in the district court for Madison County, Nebraska. The information alleged that Martin, on or about October 31, 1990, intentionally caused the death of Ledezma, without premeditation.

On October 27, 1993, Martin entered a plea of no contest to the charge of murder in the second degree. Later, Martin attempted to withdraw his plea, claiming that he did not know the possible penalties for the charged offense.

On December 17, 1993, a hearing was held on the motion to withdraw. The district court denied Martin's motion to withdraw his plea after reviewing the record and the evidence presented during the December 17 hearing. The district court noted that Martin had been advised that the maximum penalty was life imprisonment and the minimum penalty was 10 years. The district court concluded that Martin had been fully advised as to the nature of the charge against him, the possible penalty, and the effect of his plea of no contest.

On December 20, the district court sentenced Martin to an indeterminate term of not less than 40 years nor more than life in prison. On December 27, Martin submitted a motion for reconsideration of his sentence. Martin asserted that the district court was not authorized to sentence one convicted of second degree murder to an indeterminate sentence. Citing §§ 28-105 and 28-304, Martin asserted that a district court could sentence him to life in prison or to a definite term of not less than 10 years. Martin's motion for reconsideration of his sentence was denied on January 21, 1994.

Martin filed a notice of appeal to the Nebraska Court of Appeals on January 14, 1994. We subsequently, under the

authority granted by Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 1992), removed the matter to this court in order to regulate the caseloads of the appellate courts.

## ASSIGNMENT OF ERROR

Martin asserts that a court cannot sentence one convicted of second degree murder to an indeterminate sentence, but must sentence such a person to imprisonment either for life or for a definite term of not less than 10 years. See §§ 28-105 and 28-304. The State argues that § 29-2204 altered the rule against indeterminate sentencing for second degree murder. The effective date of § 29-2204 was September 9, 1993, almost 3 years after the occurrence of the crime of which Martin is accused.

## STANDARD OF REVIEW

A sentence of imprisonment that is within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Hoffman, ante* p. 265, 517 N.W.2d 618 (1994).

## UNAUTHORIZED USE OF AN INDETERMINATE SENTENCE

Section 28-304(2) defines murder in the second degree as a Class IB felony. The penalty authorized by § 28-105 is a maximum of life imprisonment and a minimum of 10 years' imprisonment. On December 20, 1993, the district court sentenced Martin to an indeterminate term of not less than 40 years nor more than life in prison.

This court previously held that an indeterminate sentence could not be imposed on one convicted of second degree murder. See, *State v. Ward*, 226 Neb. 809, 415 N.W.2d 151 (1987); *State v. Moss*, 219 Neb. 327, 363 N.W.2d 367 (1985); *State v. Laravie*, 192 Neb. 625, 223 N.W.2d 435 (1974). However, in 1993, the Legislature enacted § 29-2204, which, effective September 9, 1993, specifically altered the rule against indeterminate sentencing for Class IB felonies.

Here, Martin entered a plea of no contest on October 27, 1993, to a crime that was committed on October 31, 1990. Apparently, the district court sentenced Martin pursuant to the

newly effective indeterminate sentencing statute, § 29-2204. Section 29-2204 (Supp. 1993) was not in effect on the date of the crime.

Generally, when an offense is committed prior to a statutory change, the amendment or new statute is not applicable to the defendant. *Berry v. Wolff*, 193 Neb. 717, 228 N.W.2d 885 (1975). A change which imposes a more burdensome punishment than existed at the time a crime was committed runs afoul of ex post facto principles. *Dobbert v. Florida*, 432 U.S. 282, 97 S. Ct. 2290, 53 L. Ed. 2d 344 (1977).

This indeterminate sentence is more burdensome. But more to the point, it simply was not authorized by statute. "An indeterminate sentence imposed for a crime, where not authorized by statute, is erroneous but not void." *State v. Rouse*, 206 Neb. 371, 381, 293 N.W.2d 83, 89 (1980). It is plain from the record before us that the district court lacked the authority to impose an indeterminate sentence on Martin.

## ABSENCE OF MALICE

An appellate court reserves the right to note plain error which was not complained of at trial or on appeal but is plainly evident from the record, and which is of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Dyer*, 245 Neb. 385, 513 N.W.2d 316 (1994); *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994).

Malice is a necessary element of murder in the second degree. *State v. Myers, supra.* Further, malice has been a necessary element of second degree murder for at least 10 years. See, *State v. Franklin*, 241 Neb. 579, 489 N.W.2d 552 (1992); *State v. Dean*, 237 Neb. 65, 464 N.W.2d 782 (1991); *State v. Rowe*, 214 Neb. 685, 335 N.W.2d 309 (1983). The element of malice must be alleged in the information upon which the defendant is arraigned and sentenced. See *State v. Manzer, ante* p. 536, 519 N.W.2d 558 (1994).

In this matter, the third amended information stated that Martin "on or about the 31st day of October, 1990, in Madison County, Nebraska, did intentionally cause the death of another person, namely Francisco Jaiver Ponce Ledezma, without

premeditation."

Under the rule of *State v. Myers, supra*, the failure to include malice as an element of second degree murder is plain error and is prejudicially erroneous.

## CONCLUSION

Accordingly, the conviction and sentence are vacated and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WRIGHT, J., concurring in part, and in part dissenting.

I concur in the holding that the district court lacked authority to impose an indeterminate sentence on Martin. I continue to dissent from the holding that malice is an essential element of second degree murder. See *State v. Grimes, ante* p. 473, 519 N.W.2d 507 (1994) (Wright, J., dissenting).