STATE OF NEBRASKA, APPELLEE, V. RONALD E. WILLIAMS,
APPELLANT.

531 N.W.2d 222

Filed May 5, 1995.   No. S-94-542.

Ronald E. Williams, pro se.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

PER CURIAM.

Ronald E. Williams, through a postconviction relief motion, asked the district court for Douglas County for a new trial in regard to his second degree murder conviction. That court denied Williams' request, and he appealed.

We find that the postconviction trial court erred when it failed to grant Williams postconviction relief.

## ASSIGNMENTS OF ERROR

In his brief, Williams, in substance, claims the

postconviction court committed four errors. To dispose of this appeal, we need discuss only two of the issues raised by the assigned errors: (1) whether the court at Williams' original trial erred when it failed to include in its instruction to the jury that "malice" is a material element of second degree murder, and (2) whether Williams was denied effective assistance of counsel when his trial counsel did not object to the original trial court's omission in its jury instructions of "malice" as a material element of second degree murder.

## FACTS

On October 6, 1986, a jury found Williams guilty of second degree murder and use of a firearm to commit a felony in the April 13, 1986, death of Eric Holmes. Williams was sentenced to 20 years' imprisonment for the second degree murder charge and 3 years' imprisonment on the firearm charge, the sentences to run consecutively. This court detailed the facts surrounding Holmes' death in *State v. Williams*, 226 Neb. 647, 413 N.W.2d 907 (1987), and held that the State presented sufficient evidence to support the conviction.

On July 12, 1988, Williams, acting pro se, filed a motion to vacate and set aside his conviction for second degree murder because of ineffective assistance of trial counsel. The district court appointed counsel, held an evidentiary hearing, and denied the motion. On appeal, we held that Williams failed to establish a basis for postconviction relief, and we affirmed the judgment of the district court. *State v. Williams*, 234 Neb. 890, 453 N.W.2d 399 (1990). Thereafter, Williams filed a petition for a writ of habeas corpus in the U.S. District Court for the District of Nebraska, alleging that there was insufficient evidence to support his conviction and that he had had ineffective assistance of counsel. The federal court denied Williams' petition. On appeal, the U.S. Court of Appeals for the Eighth Circuit affirmed the trial court's judgment. The appeals court held that the evidence was more than sufficient to support Williams' conviction and that he had failed to establish that the alleged errors by his counsel prejudiced his defense. *Williams v. Dahm*, 963 F.2d 216 (8th Cir. 1992), *cert. denied* 506 U.S. 891, 113 S. Ct. 260, 121 L. Ed. 2d 191.

Williams, at his jury trial and on his direct appeal to this court, was represented by the Douglas County public defender's office. In his postconviction relief motion, Williams had appointed counsel. He also had appointed counsel in his federal court proceedings in the Eighth Circuit Court of Appeals. None of Williams' counsel in any of those proceedings brought to any court's attention that the court at Williams' jury trial had failed to instruct the jury that malice is a material element of second degree murder and that to convict Williams, it was necessary for the State to prove beyond a reasonable doubt not only that Williams intentionally caused the death of Holmes without premeditation but that he did so with malice. Malice is that condition of the mind which is manifested by intentionally doing a wrongful act without just cause or excuse. *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994).

On April 4, 1994, Williams filed pro se a second motion for postconviction relief in the district court for Douglas County. Williams alleged that the trial court violated his rights under Neb. Const. art. I, § 3, and the 5th and 14th Amendments to the U.S. Constitution by not including in its jury instructions that malice is an element of second degree murder. Williams also alleged that he received ineffective assistance of counsel in violation of Neb. Const. art. I, § 11, and the Sixth Amendment to the U.S. Constitution because his counsel failed to object to the trial court's omission of malice as an element of second degree murder in its instructions to the jury. Williams requested an evidentiary hearing and moved for appointment of counsel.

The district court denied Williams' request for an evidentiary hearing and overruled his April 4, 1994, motion for postconviction relief. The second postconviction relief court held that Williams procedurally defaulted by not raising the issue of the jury instruction in his direct appeal or in his previous postconviction motion. The district court then proceeded to address the merits of the motion. The court acknowledged that the jury instructions did not include malice as an element of second degree murder. The court, contrary to the holdings of this court, then held that the trial court acted appropriately in omitting malice as an element of second degree murder.

In his assignments of error, Williams claims that the second postconviction district court erred in failing to find that (1) the original trial court improperly instructed the jury by omitting malice as a material element of second degree murder, and (2) Williams received ineffective assistance of trial counsel.

Initially, we note that the district court, in its denial of Williams' postconviction motion, was most critical of this court's reasoning and holdings in *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994), and its progeny: *State v. Franklin*, 241 Neb. 579, 489 N.W.2d 552 (1992); *State v. Illig*, 237 Neb. 598, 467 N.W.2d 375 (1991); *State v. Dean*, 237 Neb. 65, 464 N.W.2d 782 (1991); *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988); *State v. Ettleman*, 229 Neb. 220, 425 N.W.2d 894 (1988); *State v. Moniz*, 224 Neb. 198, 397 N.W.2d 37 (1986); and *State v. Rowe*, 214 Neb. 685, 335 N.W.2d 309 (1983), which continued to hold that malice is a material element of second degree murder. We take this opportunity to remind lower court judges that if the facts are the same as those involved in a holding of this court in a similar case, it is not only their duty but also their obligation to follow the law as has been announced by the Nebraska Supreme Court.

As previously stated, Williams' counsel did not challenge the erroneous jury instruction in his original motion for postconviction relief. Ordinarily, an appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. See, *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994); *State v. Luna*, 230 Neb. 966, 434 N.W.2d 526 (1989). However, an appellate court is compelled to accept jurisdiction when the sentence entered by the trial court is invalid due to plain error in the proceedings. See *State v. Rolling*, 218 Neb. 51, 352 N.W.2d 175 (1984). An appellate court always reserves the right to note plain error of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994).

A criminal defendant seeking postconviction relief has the

burden of establishing a basis for such relief, and the findings of the district court will not be disturbed unless clearly erroneous. *State v. Barrientos*, 245 Neb. 226, 512 N.W.2d 144 (1994). Furthermore, a criminal defendant in a postconviction proceeding has the burden of alleging and proving that a claimed error is prejudicial. See *State v. Jones*, 246 Neb. 673, 522 N.W.2d 414 (1994).

A defendant moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or U.S. Constitution. *State v. Sims*, 244 Neb. 771, 509 N.W.2d 6 (1993).

The record presented in this appeal does not contain the jury instructions. However, the second postconviction district court found that the instructions had, in fact, failed to include malice as an element of second degree murder. Moreover, when cases are interwoven and interdependent and a controversy has already been considered and determined in a prior proceeding involving one of the parties now before the court, the court has the right to examine its own records and take judicial notice of its own proceedings and judgment in the prior action. *Goeke v. National Farms, Inc.*, 245 Neb. 262, 512 N.W.2d 626 (1994); *State v. Meis*, 233 Neb. 355, 445 N.W.2d 610 (1989), *overruled on other grounds, State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993). Thus, we take judicial notice of the record in Williams' direct appeal to this court.

The record from Williams' direct appeal shows that the State charged Williams with murder in the first degree and use of a firearm to commit a felony. Among the instructions given to the jury was instruction No. 5. It was a "step" instruction directing the jury to find Williams guilty or not guilty of first degree murder, and if it found that he was not guilty of first degree murder, then to make a finding regarding second degree murder or, if necessary, manslaughter. As to second degree murder, the instruction read:

> The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict the defendant of the crime of murder in the second degree are:
> 1. That defendant killed Eric Holmes;
> 2. That defendant did so intentionally but without

premeditation;

3. That defendant did so on or about April 13, 1986;

4. That defendant did so in Douglas County, Nebraska; and

5. That defendant's actions were not justified as set out in Instruction No. 10.

The State has the burden of proving beyond a reasonable doubt each and every one of the foregoing material elements of the crime of murder in the second degree necessary for conviction.

The court further emphasized the distinctions between first degree murder, second degree murder, and manslaughter in jury instruction No. 7, which read, in relevant part: "A person commits murder in the second degree if he causes the death of a person intentionally, but without premeditation."

It is undisputed that Williams' trial counsel did not object to jury instruction No. 5 or 7. Williams claims that he received ineffective assistance of counsel due to counsel's failure to object to the instructions.

This court has adopted a two-part test for proving a claim of ineffective assistance of counsel, as set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). When a defendant in a postconviction motion alleges a violation of his constitutional right to effective assistance of counsel as a basis for relief, the standard for determining the propriety of the claim is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. Further, the defendant must make a showing of how the defendant was prejudiced in the defense of his case as a result of his attorney's actions or inactions. *State v. Nielsen*, 243 Neb. 202, 498 N.W.2d 527 (1993). See *State v. Clausen, ante* p. 309, 527 N.W.2d 609 (1995).

The first prong in determining the propriety of Williams' claim is whether the trial attorney, in representing the defendant, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. A defendant, therefore, must show that counsel's performance fell below an objective standard of reasonableness. *State v. White*, 246 Neb.

346, 518 N.W.2d 923 (1994).

In a criminal trial, the court in its instructions must delineate for the jury each material element the State is required to prove beyond a reasonable doubt to convict the defendant of the crime charged. *State v. Nielsen, supra.*

In *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994), we held that it is plain error for a jury instruction on second degree murder to omit malice as an element. Williams' jury trial court committed the identical error in its jury instruction in defining the elements of second degree murder. Williams' counsel's failure to object to the erroneous jury instruction permitted the jury to find Williams guilty of second degree murder without consideration of whether his actions satisfied a material element of the crime. The failure of defense counsel in a criminal trial to object to an instruction which omits a material element of the crime charged cannot be considered to be within the wide range of professionally competent assistance. See *Gray v. Lynn*, 6 F.3d 265 (5th Cir. 1993).

The State, referring to a "line of cases" in which we upheld second degree murder convictions even though malice was not mentioned, brief for appellee at 8, contends that in 1986 it could not be ineffective assistance for a criminal defense attorney to not object to the instruction given the Williams jury. As we stated in *State v. Grimes*, 246 Neb. 473, 484, 519 N.W.2d 507, 516 (1994):

> The State's argument that this court only recently, in *State v. Myers, supra,* added malice as an element of second degree murder, shows ignorance of, or the disregard for, 11 years of consistent holdings by this court. The suggestion that including malice as an element of second degree murder "transgresses important and well–established principles of law" [citation omitted], itself transgresses important and well–established principles of law. As we pointed out in *Myers*, if malice were not an element of second degree murder, the homicide statutes would not make sense.

Our holding in *State v. Myers* regarding the essential elements of second degree murder, contrary to the State's position, did not establish a new rule of law but reinforced that

"this court has continued to require malice as an element of second degree murder." 244 Neb. at 908, 510 N.W.2d at 63. We have continuously held that the adoption of the current criminal code did not eliminate malice as an element of second degree murder. We reaffirm those holdings as hereinafter set forth.

According to Neb. Rev. Stat. § 28–304(1) (Reissue 1989), "[a] person commits murder in the second degree if he causes the death of a person intentionally, but without premeditation." The Legislature adopted the current criminal code in 1977, with an effective date of July 1, 1978. See 1977 Neb. Laws, L.B. 38, § 325. Since the effective operative date of 1977 Neb. Laws, L.B. 38, the following cases have specifically held that the essential elements of the crime of murder in the second degree are that the killing be done purposely and maliciously: *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994); *State v. Ladig*, 246 Neb. 542, 519 N.W.2d 561 (1994); *State v. Grimes, supra*; *State v. Blackson*, 245 Neb. 833, 515 N.W.2d 773 (1994); *State v. Myers, supra*; *State v. Franklin*, 241 Neb. 579, 489 N.W.2d 552 (1992); *State v. Smith*, 240 Neb. 97, 480 N.W.2d 705 (1992); *State v. Illig*, 237 Neb. 598, 467 N.W.2d 375 (1991); *State v. Dean*, 237 Neb. 65, 464 N.W.2d 782 (1991); *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988); *State v. Ettleman*, 229 Neb. 220, 425 N.W.2d 894 (1988); *State v. Moniz*, 224 Neb. 198, 397 N.W.2d 37 (1986); *State v. Rowe*, 214 Neb. 685, 335 N.W.2d 309 (1983); *State v. Samuels*, 205 Neb. 585, 289 N.W.2d 183 (1980); *State v. Clermont*, 204 Neb. 611, 284 N.W.2d 412 (1979). Clearly, our holding in this case does not subject Williams' counsel to hindsight, as the State contends. Before Williams was tried, the current criminal code was in effect and we had already held that malice continued to be a material element of second degree murder.

The State also contends that an attorney with ordinary skill in the area of criminal law does not object to jury instructions which follow the statutory elements of a crime. Jury instructions that set forth only the statutory elements of a crime are insufficient when they do not set forth all the essential elements of the crime. See *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994) (citing *State v. Oman*, 265 Minn. 277, 121 N.W.2d 616 (1963); *Ex parte Allred*, 393 So. 2d 1030 (Ala. 1981);

*Stevens v. State*, 817 S.W.2d 800 (Tex. App. 1991)).

The fact that Williams' counsel fell below an objective standard of reasonableness does not alone amount to a Sixth Amendment violation. The second prong of the ineffective assistance of counsel standard centers upon whether the deficient performance of counsel prejudiced the defendant's case. The prejudice component focuses on whether counsel's deficient performance rendered the results of the trial unreliable or the proceeding fundamentally unfair by depriving the defendant of a substantive or procedural right. *Lockhart v. Fretwell*, ____ U.S. ____, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993); *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

It is the duty of the trial judge in a criminal case to instruct the jury on the pertinent law of the case, whether requested to do so or not. See *State v. Grimes, supra.* An instruction or instructions which by the omission of certain elements have the effect of withdrawing from the jury an essential issue or element in the case are prejudicially erroneous. *Id.* The essential elements in the crime of murder in the second degree are that the defendant killed the victim purposely and maliciously. Failure to include the element of malice in the jury instruction on second degree murder constitutes plain error. See *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994). The instruction relied upon by the jury in finding Williams guilty of second degree murder prejudiced the proceedings against Williams.

The jury convicted Williams of second degree murder based upon an incomplete definition of the crime. We note such an error is plain error which deprived Williams of a fundamentally fair and reliable trial. As a result of the prejudicial jury instructions and ineffective assistance of counsel, Williams' convictions must be overturned.

Reversal for trial error, such as incorrect instructions and ineffective assistance of counsel, implies nothing with respect to the guilt or innocence of a defendant. Rather, it is only a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect. Reversal based upon trial error does not bar a retrial of a criminal defendant. See, *Burks v. United States*, 437 U.S. 1, 98

S. Ct. 2141, 57 L. Ed. 2d 1 (1978); *State v. Chambers*, 233 Neb. 235, 444 N.W.2d 667 (1989).

We reverse the judgment of the second postconviction district court and grant Williams' postconviction relief motion. Because Williams' conviction for use of a weapon in the commission of a felony is dependent upon his conviction of an underlying felony, both the second degree murder charge and the charge of use of a weapon in the commission of felony are set aside, and the matter is remanded to the district court with direction to grant Williams a new trial on both of the charges.

REVERSED AND REMANDED WITH DIRECTION.

WRIGHT, J., dissenting.

I respectfully dissent from the majority's decision. As I have consistently stated since *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994) (Wright, J., dissenting), I disagree with the majority's holding that malice is an essential element of the crime of second degree murder. See, also, *State v. Martin*, 246 Neb. 896, 524 N.W.2d 58 (1994); *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994); *State v. Ladig*, 246 Neb. 542, 519 N.W.2d 561 (1994); *State v. Manzer*, 246 Neb. 536, 519 N.W.2d 558 (1994).

With *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994), this court has used the plain error doctrine to expand the scope of its holding that malice is an essential element of second degree murder. In *Myers*, the court found plain error because the jury instructions did not include malice as an element of second degree murder. In *Manzer*, *Ladig*, and *Martin*, the court found plain error because the information charging second degree murder did not allege malice as an element of the crime.

This is Williams' second attempt at postconviction relief based on a claim of allegedly ineffective assistance of counsel. It is his burden to establish a basis for such relief. See *State v. Williams*, 234 Neb. 890, 453 N.W.2d 399 (1990). In order to sustain a claim of ineffective assistance of counsel, the party must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. In the appeal following Williams' first

postconviction relief request, we found that Williams had not established that his trial counsel was ineffective and had failed to establish any prejudice resulting from his trial counsel's decisions. On the appeal following the second postconviction relief request, the majority now holds that Williams had ineffective counsel because the issue of malice as an element of second degree murder was not raised during two prior visits to this court. I disagree.

In Williams' direct appeal, his sole assignment of error was that the evidence was insufficient to sustain the convictions. *State v. Williams*, 226 Neb. 647, 413 N.W.2d 907 (1987). The jury instructions were a part of the record on direct appeal, but this court did not find plain error in the fact that the jury instructions did not include malice as an element of second degree murder. In *Myers*, this court stated that the only issue on Williams' direct appeal was whether the evidence was sufficient to support a conviction for intentional killing rather than Williams' claim of self-defense.

In 1988, Williams filed his first motion for postconviction relief. At the evidential hearing in district court, Williams alleged 18 examples of ineffective assistance by his trial counsel. None of these examples mentioned the failure of trial counsel to object to the jury instructions. On appeal, Williams set forth five grounds for his claim of ineffective assistance of trial counsel. This court found no merit to any of these claims. We stated: "The evidence at trial against the defendant was overwhelming. His attorney was an experienced trial lawyer who performed as a lawyer possessing ordinary training and skill in criminal law in the area should have done." *Williams*, 234 Neb. at 899–900, 453 N.W.2d at 405.

At his jury trial and on direct appeal, Williams was represented by the Douglas County public defender's office. In his first postconviction action and in the U.S. Court of Appeals for the Eighth Circuit, Williams was represented by court–appointed counsel. None of these attorneys brought to any court's attention the fact that the jury instructions did not state that malice was an element of second degree murder.

In this second postconviction appeal, the majority states: "We have continuously held that the adoption of the current

criminal code did not eliminate malice as an element of second degree murder." Thus, the majority establishes that the basis for Williams' requested relief was available to him at the time of his first motion for postconviction relief and on appeal from the denial of that motion. As the majority notes, a second motion for postconviction relief will not ordinarily be entertained unless the motion affirmatively shows on its face that the basis for the requested relief was not available at the time the movant filed the prior motion. See, *State v. Keithley, ante* p. 638, 529 N.W.2d 541 (1995); *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994); *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993); *State v. Luna*, 230 Neb. 966, 434 N.W.2d 526 (1989). Williams cannot now claim ineffective assistance of counsel at trial, on direct appeal, or during the first postconviction proceeding. He had different counsel for the first postconviction proceeding, and the basis for the relief was available to him at his first postconviction proceeding.

Nor can Williams now argue that his counsel for the first postconviction appeal was ineffective for failing to raise the omission of malice from the jury instructions. One requesting postconviction relief cannot claim constitutionally ineffective assistance of counsel as a result of an attorney's service in a postconviction proceeding. See *State v. Stewart, supra*. In *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), the U.S. Supreme Court held that because there is no constitutional right to an attorney in state postconviction proceedings, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." The Nebraska Constitution's provision for assistance of counsel in a criminal case is no broader than its counterpart in the federal Constitution. *State v. Stewart, supra*.

The majority does not explain why Williams could not have raised the issue of ineffective assistance of counsel regarding the omission of malice from the jury instructions at the time of his first postconviction proceeding. " '[A] defendant is entitled to bring a second proceeding for postconviction relief only if the grounds relied upon did not exist at the time of the filing of the first motion.' " *Id.* at 718, 496 N.W.2d at 528. If, as the majority states, malice has continuously been an essential

element of second degree murder, the grounds for relief existed at the time of Williams' first motion for postconviction relief. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Stewart, supra.* Nor can those issues be raised in an appeal concerning a second motion for postconviction relief.

Therefore, I dissent from the opinion of the majority because I believe that Williams has no right to postconviction relief. As we stated in the first postconviction proceeding, the evidence against Williams was more than sufficient to sustain the convictions, and he was represented by an experienced trial lawyer who met the necessary standard to be considered effective. *State v. Williams,* 234 Neb. 890, 453 N.W.2d 399 (1990). I would affirm the district court's denial of Williams' request for postconviction relief.

HASTINGS, C.J., and CONNOLLY, J., join in this dissent.