STATE OF NEBRASKA, APPELLEE, v. GARY A. KEITHLEY, APPELLANT.

529 N.W.2d 541

Filed March 24, 1995.  No. S-94-189.

Gary A. Keithley, pro se.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WHITE, C.J.

Gary A. Keithley was convicted in 1986 of second degree murder in the 1959 stabbing death of William Weiner. Keithley was sentenced to 20 years' imprisonment. We affirmed the judgment in *State v. Keithley*, 227 Neb. 402, 418 N.W.2d 212 (1988). In 1990, we affirmed the district court's denial of Keithley's motion for postconviction relief. *State v. Keithley*, 236 Neb. 631, 463 N.W.2d 329 (1990). Keithley filed a second motion for postconviction relief in December 1993, which was summarily dismissed by the district court.

In his second motion for postconviction relief, Keithley alleges he was denied due process under the U.S. Constitution and the Nebraska Constitution in that (1) newly discovered evidence warrants granting him a new trial, (2) he was denied effective assistance of trial counsel, and (3) inadmissible evidence was introduced at the trial. The district court summarily dismissed the motion on the basis that Keithley did or could have raised all of these issues on direct appeal or in Keithley's first motion for postconviction relief. Keithley appeals the district court's dismissal of his second motion for postconviction relief.

Keithley claims that trial counsel and appellate counsel failed to reveal to him a 1959 police report allegedly containing exculpatory evidence. Keithley argues that the police report is newly discovered evidence entitling him to a new trial. However, in his second motion for postconviction relief, Keithley states that he was given the police report after his

direct appeal. Keithley thus had the opportunity to present the alleged newly discovered evidence on his first motion for postconviction relief and failed to do so.

An appellate court will not ordinarily entertain a successive motion for postconviction relief unless the motion shows on its face that the basis for relief was not available at the time the movant filed the prior motion. See, *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994); *State v. Luna*, 230 Neb. 966, 434 N.W.2d 526 (1989). A motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. *State v. Jones*, 246 Neb. 673, 522 N.W.2d 414 (1994). See, *State v. Otey*, 236 Neb. 915, 464 N.W.2d 352 (1991); *State v. Blankenfeld*, 228 Neb. 611, 423 N.W.2d 479 (1988).

Keithley also argues that his trial counsel was ineffective because he failed to reveal the police report to Keithley and failed to object to allegedly inadmissible evidence. Keithley raised the issue of ineffective assistance of trial counsel on his first motion for postconviction relief. We note that Keithley had different counsel on appeal than at trial. As stated above, Keithley cannot now secure review of an issue that could have been reviewed on his first motion for postconviction relief. Since we have already determined that Keithley knew about the police report after direct appeal and before the first motion for postconviction relief, Keithley is barred from now raising this issue. Keithley also raised the issue of inadmissibility of evidence on direct appeal and cannot now again raise the same issue.

Having found that none of Keithley's assignments of error have merit, we affirm the district court's denial of postconviction relief.

AFFIRMED.