STATE OF NEBRASKA, APPELLEE, V. THOMAS A. WILSON,
APPELLANT.

530 N.W.2d 925

Filed May 5, 1995.   No. S-94-877.

Thomas A. Wilson, pro se.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WHITE, C.J.

In 1986, a jury convicted Thomas A. Wilson of second degree murder and of use of a firearm in the commission of a felony. He was sentenced to 35 years' imprisonment for the second degree murder conviction and 6 to 10 years' imprisonment for the use of a firearm conviction, the terms to run consecutively. We affirmed his convictions and sentences in *State v. Wilson*, 225 Neb. 466, 406 N.W.2d 123 (1987).

In May 1994, Wilson filed his second petition for postconviction relief in Douglas County District Court, contending that (1) the trial court at his original trial had erred when it failed to include malice as an essential element of second degree murder in its jury instructions, and (2) he was denied effective assistance of counsel when his trial counsel

failed to object to the trial court's omission of malice as an essential element of second degree murder in its jury instructions. In considering Wilson's second petition, the district court refused to apply our mandates, concluding, sua sponte, that malice is not an element of second degree murder. The district court therefore denied Wilson's request for postconviction relief, and he appealed.

An appellate court always reserves the right to note plain error of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Williams, ante* p. 931, 531 N.W.2d 222 (1995); *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994). Recently, in *Williams*, we addressed the very same issues Wilson raises. In *Williams*, also a case involving a defendant's second petition for postconviction relief, we held that "[f]ailure to include the element of malice in the jury instruction on second degree murder constitutes plain error." *Id.* at 940, 531 N.W.2d at 229. See, *State v. Martin*, 246 Neb. 896, 524 N.W.2d 58 (1994); *State v. Ladig*, 246 Neb. 542, 519 N.W.2d 561 (1994); *State v. Manzer*, 246 Neb. 536, 519 N.W.2d 558 (1994); *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994); *State v. Jones*, 245 Neb. 821, 515 N.W.2d 654 (1994); *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994). We therefore granted Williams' postconviction relief motion and remanded his case for a new trial.

In addition, we held that Williams was denied effective assistance of counsel when his trial counsel failed to object to the trial court's omission of malice as an essential element of second degree murder in its jury instructions. *Williams, supra.* Counsel's failure to object to the trial court's omission in an instruction of an essential element of a crime charged falls below an objective standard of reasonableness and renders the results of the trial both unreliable and fundamentally unfair, thereby substantively prejudicing a defendant's rights. *Id.* See *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As a result, Wilson is entitled to a reversal of his murder conviction and a new trial.

Furthermore, because Wilson's use of a firearm conviction was predicated on his conviction of an underlying felony, the

use of a firearm conviction also must be reversed. See *Williams, supra.*

The district court's order which denied Wilson's second petition for postconviction relief is reversed, and the cause is remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

WRIGHT, J., dissenting.

I respectfully dissent from the majority opinion for the reasons given in *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994) (Wright, J., dissenting), and *State v. Williams, ante* p. 931, 531 N.W.2d 222 (1995) (Wright, J., dissenting). Both *Williams* and the case at bar involved second motions for postconviction relief, and this court has granted relief on grounds of plain error because the jury instructions did not include malice as an essential element of second degree murder.

In *Williams*, the court held that the defendant was denied effective assistance of counsel because trial counsel failed to object to the trial court's omission of malice as an essential element of second degree murder in its jury instructions and that counsel's failure to object to the trial court's omission of an essential element of the crime charged fell below an objective standard of reasonableness and rendered the result of the trial both unreliable and fundamentally unfair, thereby prejudicing the defendant's rights. In the case at bar, the court notes plain error for the same reasons cited in *Williams*, reverses the judgment of the district court, and remands the cause for a new trial.

A second motion for postconviction relief will not ordinarily be entertained unless the motion affirmatively shows on its face that the basis for the requested relief was not available at the time the movant filed the prior motion. See, *State v. Keithley, ante* p. 638, 529 N.W.2d 541 (1995); *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994); *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993); *State v. Luna*, 230 Neb. 966, 434 N.W.2d 526 (1989). According to the majority, when counsel failed to object to the trial court's omission of malice as an essential element of second degree murder, counsel's conduct fell below the objective standard of reasonableness and rendered the results of the trial unreliable and fundamentally unfair. For

the reasons set forth in my dissent to *Williams*, I believe that such relief was available to Wilson at the time of the first postconviction proceeding and that there exists no basis to assert that the relief was not available to Wilson at that time. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Stewart, supra.*

In my opinion, there is no basis for Wilson to assert a claim of ineffective assistance of counsel in a second postconviction proceeding. I would affirm the district court's denial of Wilson's request for postconviction relief.

CONNOLLY, J., joins in this dissent.