STATE OF NEBRASKA, APPELLEE, V. JOSEPH B. EGGERS, APPELLANT.

531 N.W.2d 231

Filed May 12, 1995.   No. S-94-671.

Joseph B. Eggers, pro se.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

PER CURIAM.

Joseph B. Eggers, through a postconviction relief motion, asked the district court for Lincoln County for a new trial in regard to his second degree murder conviction. That court denied Eggers' request, and he appealed.

We reverse the district court's postconviction relief judgment and remand the cause for a new trial.

Eggers claims the postconviction court committed four errors. To dispose of this appeal, we need discuss only two of the issues raised by the assigned errors: (1) whether the original trial court erred when it failed to include in its instruction to the jury that malice is a material element of second degree murder, and (2) whether Eggers was denied effective assistance of counsel when his trial counsel did not object to the original trial court's omission in its jury instructions that malice is a material element of second degree murder.

The State charged Eggers with second degree murder for the July 14, 1984, death of a 3–year–old child. In 1984, a jury convicted Eggers of the charge. He was sentenced to life imprisonment. Unfortunately, the trial court omitted from its instruction on second degree murder the material element of malice.

Eggers appealed his conviction on the ground of insufficient evidence. This court affirmed the conviction, holding that the State presented sufficient evidence to support the second degree murder conviction. *State v. Eggers*, 220 Neb. 862, 374 N.W.2d 36 (1985).

On May 25, 1994, Eggers, acting pro se, filed a motion to vacate and set aside his conviction for second degree murder. Eggers alleged that the trial court committed plain error by omitting malice as a material element to second degree murder in the jury instructions. Eggers also alleged that he received ineffective assistance of counsel because his counsel failed to object to the prejudicial jury instruction.

The district court overruled Eggers' postconviction motion. In its order, the court stated that Eggers should have raised any plain error in his direct appeal and that attorneys are not required to anticipate changes in the law.

A criminal defendant seeking postconviction relief has the burden of alleging and proving that a claimed error is prejudicial. *State v. Jones*, 246 Neb. 673, 522 N.W.2d 414 (1994). A defendant in a postconviction proceeding must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or U.S. Constitution. *State v. Sims*, 244 Neb. 771, 509 N.W.2d 6 (1993).

As noted by the postconviction court, Eggers did not assign the plain error on direct appeal. Nevertheless, an appellate court is compelled to accept jurisdiction when the sentence entered by the court is invalid due to plain error in the proceedings. *State v. Williams, ante* p. 931, 531 N.W.2d 222 (1995). Moreover, an appellate court always reserves the right to note plain error of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994).

In *State v. Williams, supra*, this court addressed whether a defendant was entitled to postconviction relief from a second degree murder conviction when the court omitted the material element of malice from its jury instruction on second degree murder. We held that the failure to include the element of malice in the jury instruction on second degree murder constitutes plain error. We also held that the failure of defense counsel in a criminal trial to object to an instruction which omits a material element of the crime charged cannot be considered to be within the wide range of professionally competent assistance.

As a result of the prejudicial jury instruction and ineffective assistance of counsel, Eggers' conviction must be overturned. Upon retrial, the information, as well as the jury instruction, must state all material elements of the crime charged. See, *State v. Manzer*, 246 Neb. 536, 519 N.W.2d 558 (1994); *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994).

We reverse the judgment of the district court and grant Eggers' postconviction relief motion. This cause is remanded to

the district court with direction to grant Eggers a new trial.

REVERSED AND REMANDED WITH DIRECTION.

WRIGHT, J., dissenting.

I respectfully dissent. Eggers was convicted of second degree murder in connection with the death of a 3-year-old child. The evidence showed that the child died as the result of severe blows to the head and that there were marks on the walls in the corner of the dining room which indicated that something had been flailed against the walls. Eggers admitted he placed the child in a bathtub filled with water to make it look as though the child had drowned.

In denying Eggers' request for postconviction relief, the district court concluded that there was no denial or infringement on Eggers' rights which would render the judgment void or voidable under the Nebraska or U.S. Constitutions and that Eggers' counsel was not ineffective, but met the standard of an attorney with ordinary training and skill in criminal law. I agree with the district court's judgment. At no time prior to *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994), had this court held that a defendant received ineffective assistance of counsel because counsel failed to object to a jury instruction which did not include malice as an element of second degree murder. In my opinion, malice is not an element of second degree murder, see *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994) (Wright, J., dissenting), and the trial court properly instructed the jury on the elements of the crime.

In granting postconviction relief to Eggers, the majority refers to *State v. Williams, ante* p. 931, 531 N.W.2d 222 (1995). In *Williams*, the majority held that the failure to include the element of malice in the jury instruction on second degree murder constitutes plain error and that the failure of defense counsel to object to an instruction which omits a material element of the crime charged demonstrates ineffective assistance of counsel.

To sustain a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have

been different. *State v. Clausen, ante* p. 309, 527 N.W.2d 609 (1995). Eggers cannot establish that a reasonable probability exists that the result of his trial would have been different had the jury instructions contained the element of malice.

A criminal defendant seeking postconviction relief has the burden of alleging and proving that the claimed error is prejudicial. *State v. Jones*, 246 Neb. 673, 522 N.W.2d 414 (1994). In my opinion, Eggers has not proven that the omission of the element of malice from the jury instructions was prejudicial, and the majority fails to explain how Eggers was prejudiced. Malice is defined as the intentional doing of an unlawful act without just cause or excuse. See *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994). Eggers could not have offered any excuse for his actions which resulted in the death of a 3-year-old child other than insanity, which he did not plead.

" '[I]t is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations.' " *State v. Timmerman*, 240 Neb. 74, 89, 480 N.W.2d 411, 420 (1992). See, also, *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967). There has been no showing of prejudice to Eggers and clearly no showing that the result of the trial would have been different if the jury instructions had included the element of malice. In my opinion, Eggers is not entitled to postconviction relief.

CONNOLLY, J., joins in this dissent.