STATE OF NEBRASKA, APPELLEE, v. THOMAS M. PLANT,
APPELLANT.

532 N.W.2d 619

Filed May 19, 1995.    No. S-94-888.

Edward F. Fogarty, of Fogarty, Lund & Gross, for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and RONIN, D.J., Retired.

PER CURIAM.

Thomas M. Plant, through a pro se postconviction relief motion, asked the district court to set aside his second degree murder conviction because of prejudicial error in regard to a jury instruction and because his trial counsel provided ineffective assistance by not objecting to the jury instruction.

The district court for Douglas County overruled Plant's

postconviction relief motion, and Plant appealed. We reverse the district court's postconviction relief judgment and remand the second degree murder cause to the district court for a new trial.

## ASSIGNMENTS OF ERROR

On appeal of the district court's postconviction judgment, Plant assigned four errors. We need consider only three of those assigned errors to dispose of Plant's appeal: (1) whether the original trial court erred when it failed to include in its instructions to the jury that malice is a material element of the crime of second degree murder; (2) whether Plant was denied effective assistance of counsel when his counsel, at trial and on appeal, did not object to the original trial court's omission in its jury instructions of malice as a material element of second degree murder; and (3) whether Plant was denied effective assistance of counsel when he allegedly was not given an opportunity to review his presentence investigation report before he was sentenced.

## FACTS

The State charged Plant with second degree murder for the May 25, 1988, death of his 18-month-old stepson. He was also charged with first degree assault and child abuse of his 4-year-old stepson.

The jury found Plant guilty on all counts with which he was charged. Plant received a life sentence for second degree murder, $6^2/3$ to 20 years' imprisonment for first degree assault, and 1 to 3 years' imprisonment for child abuse. The assault and child abuse sentences were to run concurrently with each other and consecutive to the second degree murder sentence.

In his direct appeal, Plant assigned that the trial court erred in failing to suppress evidence and in receiving allegedly inadmissible hearsay evidence. We affirmed the judgment of the district court. See *State v. Plant*, 236 Neb. 317, 461 N.W.2d 253 (1990).

On July 12, 1994, Plant, acting pro se, filed a motion in the district court to set aside his conviction for second degree murder. He alleged, inter alia, that the trial court committed error by omitting malice as a material element of second degree murder in its jury instructions. The record, without refutation,

reflects that the material element of malice was omitted from the trial court's instruction on second degree murder.

Plant also alleged that he received ineffective assistance of counsel because his trial counsel failed to object to the prejudicial jury instruction. Plant further claimed that the same attorney represented him in his direct appeal and provided ineffective assistance on appeal by not assigning as error the prejudicial jury instruction. Plant also complained that he did not receive effective assistance of counsel because he was not given the opportunity to review, with the assistance of counsel, his presentence investigation report before he was sentenced.

The record before us fails to reflect that Plant had counsel in the district court on his postconviction relief motion. Following its submission, Plant's postconviction relief motion was overruled by the district court. In doing so, the district court held that *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994) (holding that it is plain error for the jury instruction on second degree murder to omit malice as a material element), should not be applied retroactively. On appeal of his postconviction relief motion, Plant was represented by counsel who prepared and filed briefs and orally presented Plant's arguments to this court.

## ANALYSIS

A criminal defendant seeking postconviction relief has the burden of alleging and proving that a claimed error is prejudicial. *State v. Jones*, 246 Neb. 673, 522 N.W.2d 414 (1994). A defendant in a postconviction proceeding must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or U.S. Constitution. *State v. Sims*, 244 Neb. 771, 509 N.W.2d 6 (1993).

Plant's trial counsel, who also represented Plant in his direct appeal, never claimed that the original trial court committed error in regard to the omission of malice in its instruction on second degree murder. The issue of ineffective assistance of counsel was not raised at the trial level or on direct appeal.

The State has argued that because the issue of the erroneous jury instruction was not raised at trial or on direct appeal, Plant waived his right to raise it in postconviction proceedings. To use a procedural default or waiver as a means of ignoring a plain

error that results in an unconstitutional incarceration would place form over substance; would damage the integrity, reputation, and fairness of the judicial process; and would render the plain error doctrine and postconviction relief remedies meaningless. When the material element of malice is omitted from the second degree murder instruction, a defendant's conviction for second degree murder is constitutionally invalid, and postconviction relief is proper to rectify a constitutionally invalid conviction. See Neb. Rev. Stat. § 29-3001 (Reissue 1989).

An appellate court always reserves the right to note plain error of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994). Moreover, an appellate court is compelled to accept jurisdiction when the sentence entered by the trial court is invalid due to plain error in the proceedings. *State v. Williams*, 247 Neb. 931, 531 N.W.2d 222 (1995).

In *State v. Williams, supra*, this court addressed whether a defendant was entitled to postconviction relief from a second degree murder conviction when the trial court omitted the material element of malice from its jury instruction on second degree murder. We held that the failure to include the element of malice in the jury instruction on second degree murder constitutes prejudicial error. In *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994), this court held that it is the duty of the trial court in a criminal case to instruct the jury on the pertinent law of the case, whether requested to do so or not. In *State v. Williams, supra*, we held in effect that an instruction or instructions which by omission have the effect of withdrawing from the jury an essential issue or element in the case are prejudicially erroneous.

We also held in *Williams* that the failure of defense counsel in a criminal trial to object to an instruction which omits a material element of the crime charged cannot be considered to be within the range of professionally competent assistance and prejudices the proceeding on the crime charged.

In Plant's case, the postconviction court erred in determining

the issue of retroactivity. Requiring malice as an element of second degree murder is not a new rule of law; malice has remained a material element since the adoption of the current criminal code. See, *id.*; *State v. Myers, supra.*

As a result of the prejudicial jury instruction and ineffective assistance of counsel, Plant's second degree murder conviction must be overturned, and he must be granted a new trial.

We further note that for an information to be sufficient to charge a defendant with second degree murder, the information must allege that the accused caused the death of another purposely and maliciously. See *State v. Ladig,* 246 Neb. 542, 519 N.W.2d 561 (1994). Upon retrial, the information, as well as the jury instruction, must state all material elements of the crime charged. See, *State v. Manzer,* 246 Neb. 536, 519 N.W.2d 558 (1994); *State v. Grimes, supra.*

Plant's third assignment of error claims that the postconviction court failed to hold a hearing to determine whether he had an opportunity to review his presentence investigation report before he was sentenced on all charges.

At the sentencing hearing, Plant's attorney addressed his concerns with the probation officer's characterization of Plant's lack of remorse and the foster parents' summation in Plant's presentence investigation report. Immediately after his attorney's comments, the court asked Plant if he had "anything else" to say. Plant referred to his record as being nonviolent and told the court that the court has "seen everything." Plant never mentioned that he had not personally reviewed the presentence investigation report.

While a defendant has a qualified right to personally review his presentence investigation report with his counsel, subject to the district court's supervision, a defendant waives that right by failing to notify the district court that he has not personally reviewed the report and wishes to do so. *State v. Barrientos,* 245 Neb. 226, 512 N.W.2d 144 (1994). An evidentiary hearing may be denied on a motion for postconviction relief when the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

As affirmatively shown by the record, Plant waived any complaint that he had not personally reviewed the presentence

investigation report by failing to inform the court when given the opportunity to do so. See, *id.*; *State v. Clear*, 236 Neb. 648, 463 N.W.2d 581 (1990). Therefore, the postconviction court did not err in denying Plant an evidentiary hearing on this issue.

If upon retrial Plant is again convicted of causing the death of his 18–month–old stepson, the trial court should make certain that Plant is given the opportunity to review his presentence investigation report before he is resentenced. See *State v. True*, 236 Neb. 274, 460 N.W.2d 668 (1990).

## CONCLUSION

We reverse the postconviction judgment of the district court by setting aside Plant's conviction of second degree murder, and grant him a new trial on that charge. Plant's convictions for first degree assault and child abuse shall remain undisturbed. This cause is remanded to the district court with direction to grant Plant a new trial on the charge of second degree murder.

REVERSED AND REMANDED WITH DIRECTION.

WRIGHT, J., dissenting.

I dissent for the reasons set forth in my dissents to *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994); *State v. Williams*, 247 Neb. 931, 531 N.W.2d 222 (1995); and *State v. Wilson*, 247 Neb. 948, 530 N.W.2d 925 (1995).

The majority finds that Plant was prejudiced as a matter of law because the jury was not instructed that malice is an element of second degree murder. A criminal defendant seeking postconviction relief has the burden of alleging and proving that the claimed error is prejudicial. *State v. Jones*, 246 Neb. 673, 522 N.W.2d 414 (1994). I am unable to conclude that Plant was so prejudiced when the complete record of the victim's injuries is considered.

The facts as delineated in Plant's direct appeal showed that the victim, an 18–month–old boy, died from injuries which occurred as a result of being thrown across the room by Plant. See *State v. Plant*, 236 Neb. 317, 461 N.W.2d 253 (1990). Doctors noted bruising and swelling on the forehead and massive swelling inside the head. There were a number of bruises, an abrasion on the chin, a number of rib fractures, a fracture of the distal femur, and a shattered pubic bone. The

cause of death was traumatic head injury. *Id.*

Malice is defined as that condition of the mind which is manifested by the intentional doing of an unlawful act without just cause or excuse. See *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994). Had the jury been given an instruction which included the element of malice, I have no doubt that the result would have been the same. Plant could not have provided any reason or excuse to justify his conduct, and he did not plead that he was not responsible by reason of insanity.

Plant claims that he was denied effective assistance of counsel by counsel's failure to object to the instructions. To sustain a claim of ineffective assistance of counsel as a violation of the Sixth Amendment to the U.S. Constitution and thereby obtain reversal of a conviction, a defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Clausen*, 247 Neb. 309, 527 N.W.2d 609 (1995). To demonstrate the first requirement, the defendant must establish that his attorney failed to perform at least as well as a lawyer with ordinary training and experience in criminal law. For the second requirement, he must demonstrate that he was prejudiced in the defense of the case as a result of the attorney's actions or inactions. *Id.*

Plant cannot satisfy either component of the test. For at least 12 years, since *State v. Rowe*, 214 Neb. 685, 335 N.W.2d 309 (1983), no lawyer in the defense of a second degree murder charge has asserted that the jury instructions were erroneous because they did not contain the element of malice. Since previous lawyers faced with similar issues did not raise any objection to allegedly erroneous jury instructions, the lawyer's performance in this case was equal to the performance of all other lawyers in a similar situation. I cannot say Plant's counsel was deficient. More importantly, Plant cannot satisfy the second requirement. He has not shown that had the malice instruction been given, a reasonable probability existed that the result of the trial would have been different. See *State v. Clausen, supra.* The majority once again fails to explain any prejudice to the

defendant other than to simply state that he was prejudiced. There has been no showing of prejudice to Plant.

A denial of a constitutional right does not always require a reversal of the conviction unless it results in prejudice to the accused. See *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967). In *Rose v. Clark*, 478 U.S. 570, 576–79, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986), the Court stated:

> In *Chapman v. California*, 386 U. S. 18[, 87 S. Ct. 824, 17 L. Ed. 2d 705] (1967), this Court rejected the argument that errors of constitutional dimension necessarily require reversal of criminal convictions. And since *Chapman*, "we have repeatedly reaffirmed the principle that an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, 475 U. S. 673, 681[, 106 S. Ct. 1431, 89 L. Ed. 2d 674] (1986). That principle has been applied to a wide variety of constitutional errors. *E. g., id.*, at 684 (failure to permit cross–examination concerning witness bias); *Rushen v. Spain*, 464 U. S. 114, 118[, 104 S. Ct. 453, 78 L. Ed. 2d 267] (1983) *(per curiam)* (denial of right to be present at trial); *United States v. Hasting*, 461 U. S. 499, 508–509[, 103 S. Ct. 1974, 76 L. Ed. 2d 96] (1983) (improper comment on defendant's failure to testify); *Moore v. Illinois*, 434 U. S. 220, 232[, 98 S. Ct. 458, 54 L. Ed. 2d 424] (1977) (admission of witness identification obtained in violation of right to counsel); *Milton v. Wainwright*, 407 U. S. 371[, 92 S. Ct. 2174, 33 L. Ed. 2d 1] (1972) (admission of confession obtained in violation of right to counsel); *Chambers v. Maroney*, 399 U. S. 42, 52–53[, 90 S. Ct. 1975, 26 L. Ed. 2d 419] (1970) (admission of evidence obtained in violation of the Fourth Amendment). See also *Hopper v. Evans*, 456 U. S. 605, 613–614[, 102 S. Ct. 2049, 72 L. Ed. 2d 367] (1982) (citing *Chapman* and finding no prejudice from trial court's failure to give lesser included offense instruction). Our application of harmless–error analysis in these cases

has not reflected a denigration of the constitutional rights involved. Instead, as we emphasized earlier this Term:

" 'The harmless–error doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence, *United States v. Nobles*, 422 U. S. 225, 230 [95 S. Ct. 2160, 45 L. Ed. 2d 141] (1975), and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error. Cf. R. Traynor, The Riddle of Harmless Error 50 (1970) ("Reversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it").' *Delaware v. Van Arsdall, supra*, [475 U.S.] at 681."

. . . .

. . . Where a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed. As we have repeatedly stated, "the Constitution entitles a criminal defendant to a fair trial, not a perfect one." *Delaware v. Van Arsdall*, 475 U. S., at 681; *United States v. Hasting*, 461 U. S., at 508–509.

We stated in *State v. Timmerman*, 240 Neb. 74, 89, 480 N.W.2d 411, 420 (1992), that " 'it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations.' " In my opinion, without a showing that the malice instruction would probably have created a different result, the omission of malice from the instruction was harmless.

The majority states that requiring malice as an element of second degree murder is not a new rule of law, but that it has remained a material element since the adoption of the revised criminal code in 1977. See, *State v. Williams*, 247 Neb. 931, 531 N.W.2d 222 (1995); *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994). The majority then states that for an information to be sufficient to charge a defendant with second degree murder, the information must allege that the accused

caused the death of another purposely and maliciously, citing *State v. Ladig*, 246 Neb. 542, 519 N.W.2d 561 (1994); *State v. Manzer*, 246 Neb. 536, 519 N.W.2d 558 (1994); and *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994).

However, the court has not been entirely consistent. In *State v. Cave*, 240 Neb. 783, 789, 484 N.W.2d 458, 464 (1992), we stated: "In order to convict a person of second degree murder, the State is required to prove all three elements—the death, the intent to kill, and causation—beyond a reasonable doubt." In *State v. Blackson*, 245 Neb. 833, 515 N.W.2d 773 (1994), which was decided less than 4 months after *Myers*, we affirmed a conviction for second degree murder in which the information did not contain the element of malice. Blackson was charged with intentionally, but without premeditation, killing Richard L. Green, Jr. We affirmed the conviction and stated that although the jury instructions did not define malice and did not specifically require malice as a necessary element of second degree murder, the jury found from the evidence beyond a reasonable doubt each of the material elements of murder in the second degree. We held that a finding that the defendant killed another purposely and maliciously, but without deliberation and premeditation and without just cause or excuse, satisfies the requirement that the killing was done with malice.

Thus, until *Myers*, an instruction omitting malice was not noted as plain error, and until *Grimes*, an information charging second degree murder in the language of the statute was not noted as plain error. The only logical conclusion I can reach is that beginning with *Myers*, the court adopted a new rule of law regarding the omission of malice from the jury instructions. Beginning with *Grimes*, the court expanded the rule to include the omission of malice from the information. I continue to dissent from the position adopted by the majority in these cases.

CONNOLLY, J., joins in this dissent.