STATE OF NEBRASKA, APPELLEE, V. DENNIS D. LOWE,
APPELLANT.

533 N.W.2d 99

Filed June 9, 1995.   No. S-94-885.

James Martin Davis for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and RONIN, D.J., Retired.

PER CURIAM.

Dennis D. Lowe appeals the denial of his motion for postconviction relief by the district court for Douglas County. Lowe was found guilty of second degree murder on June 20, 1992, and is presently serving a life sentence. Lowe was convicted and sentenced as a result of an information and jury instructions which failed to include "malice" as an element of second degree murder. Malice is an essential element of second degree murder. The district court erred by denying postconviction relief. We reverse, and remand for a new trial.

## BACKGROUND

The following statement of facts is summarized from the opinion of this court in *State v. Lowe*, 244 Neb. 173, 505 N.W.2d 662 (1993).

On the evening of January 10, 1992, Dennis D. Lowe went to a bar with some friends. Lowe had been drinking beer most of the day, and he stayed at the bar until closing time. After the bar closed, Lowe decided to go to a party, but got lost. Lowe continued to consume alcohol as he drove around searching for the party. Lowe stopped in an area known as Bum's Hollow to urinate, and then passed out or fell asleep in his truck.

Lowe testified that he was awakened by the victim, Victor Hempstead, undoing Lowe's jeans and groping his genitals. Lowe stated that he " 'freaked, got scared' " and started swinging a large flashlight that had been in the cab of his truck. *Id.* at 175, 505 N.W.2d at 666. Lowe testified that he could not recall how many times he swung the flashlight or hit the person. He stated that he could hear the man snoring, but despite the fact that he had just clubbed the man with a flashlight, he could not see the man, so he left.

Hempstead's body was found on January 11, 1992, lying faceup on the ground next to the driver's side of his pickup truck. Hempstead's jeans were unzipped, and his underwear had been stuffed down one of the legs of his jeans. An autopsy revealed that the cause of death was seven or eight blows to the head with a blunt instrument, causing very severe damage to the skull. A portion of the left side of Hempstead's skull was caved in.

Lowe turned himself in to the police on January 11 after he learned that a dead body had been found in Bum's Hollow. In the information, the State alleged that Lowe intentionally, but without premeditation, killed Hempstead. Lowe was also charged with the use of a deadly weapon to commit a felony.

Lowe was tried by a jury which found him guilty of second degree murder and the use of a deadly weapon to commit a felony. Lowe appealed his convictions to this court. We affirmed Lowe's convictions in all respects. See *State v. Lowe, supra*.

On April 14, 1994, Lowe filed a motion for postconviction

relief in the district court for Douglas County. The motion was denied without an evidentiary hearing on September 13.

## ASSIGNMENT OF ERROR

Lowe asserts the district court erred in denying his motion for postconviction relief, because the failure to allege malice as an essential element of second degree murder constituted a denial or violation of Lowe's rights under the Nebraska and U.S. Constitutions.

## STANDARD OF REVIEW

A criminal defendant seeking postconviction relief has the burden of alleging and proving that a claimed error is prejudicial. *State v. Plant, ante* p. 52, 532 N.W.2d 619 (1995); *State v. Eggers*, 247 Neb. 989, 531 N.W.2d 231 (1995). See *State v. Keithley*, 247 Neb. 638, 529 N.W.2d 541 (1995). A defendant in a postconviction proceeding must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or U.S. Constitution. *State v. Plant, supra*; *State v. Eggers, supra*.

## ANALYSIS

### MALICE IS A REQUISITE ELEMENT OF SECOND DEGREE MURDER

We have stated for over a decade that malice is an element of second degree murder. *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994); *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994); *State v. Franklin*, 241 Neb. 579, 489 N.W.2d 552 (1992); *State v. Dean*, 237 Neb. 65, 464 N.W.2d 782 (1991); *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988); *State v. Ettleman*, 229 Neb. 220, 425 N.W.2d 894 (1988); *State v. Moniz*, 224 Neb. 198, 397 N.W.2d 37 (1986); *State v. Rowe*, 214 Neb. 685, 335 N.W.2d 309 (1983).

For an information to be sufficient to charge a defendant with second degree murder, the information must allege that the accused caused the death of another purposely and maliciously. *State v. Plant, supra*; *State v. Eggers, supra*; *State v. Ladig*, 246 Neb. 542, 519 N.W.2d 561 (1994); *State v. Manzer*, 246 Neb. 536, 519 N.W.2d 558 (1994). If the information for second degree murder did not include malice, the defendant was not charged with a crime.

The failure to include the element of malice in a jury instruction on second degree murder is prejudicial error. *State v. Plant, supra*; *State v. Eggers, supra*; *State v. Williams*, 247 Neb. 931, 531 N.W.2d 222 (1995); *State v. Grimes, supra*; *State v. Myers, supra*.

In this case, jury instruction No. 5 informed the jury that it could find Lowe guilty of murder in the second degree, guilty of manslaughter, or not guilty. Instruction No. 5 also defined the material elements of the crimes of second degree murder. The record reflects that the material element of "malice" was omitted from the trial court's instruction on second degree murder. The record also reflects that the element of "malice" was not included in the information. Therefore, Lowe's conviction of second degree murder must be reversed.

The State argues that while malice per se was not defined or set forth in the jury instructions, the instructions nonetheless conveyed the concept of malice. Jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating a reversal. *Hamernick v. Essex Dodge Ltd.*, 247 Neb. 392, 527 N.W.2d 196 (1995); *Scharmann v. Dayton Hudson Corp.*, 247 Neb. 304, 526 N.W.2d 436 (1995); *Sindelar v. Canada Transport, Inc.*, 246 Neb. 559, 520 N.W.2d 203 (1994). Here, as in *State v. Myers, supra*, the jury was instructed on the law of self-defense. The State apparently argues that the instruction regarding self-defense, when read with the instruction regarding second degree murder, correctly states the law, including the element of malice. However, in *Myers*, the failure to include the essential element of malice in the second degree murder jury instruction was prejudicial error, and such error was not cured by the presence of the instruction regarding self-defense. Therefore, the fact that the jury was instructed regarding self-defense in this case does not cure the prejudicial error resulting from the failure to instruct on malice.

### REFUSAL TO FOLLOW PRECEDENT

In its order, the district court noted that this court has held that malice is an element of second degree murder and that

malice must be a part of the jury instructions, citing *State v. Jones*, 245 Neb. 821, 515 N.W.2d 654 (1994); *State v. Grimes, supra*; *State v. Manzer, supra*; and *State v. Ladig, supra*.

The district court, aware of and citing binding precedent controlling the outcome of this case, went on to decide this case contrary to that controlling law. The district court opined gratuitously that this court has been in error the past 11 years when it has read a scienter requirement into the statutory definition of the crime of second degree murder. The district court announced that this court was "legislating."

The district court went on to deny relief and held that the jury instruction for second degree murder was appropriate despite the fact that the jury instruction did not include the element of "malice."

Apparently, the district court is ignorant of an appellate court's practice to read criminal intent into a statute when necessary. "As a general rule criminal statutes are interpreted to require criminal intent." 3 Norman J. Singer, Statutes and Statutory Construction § 59.04 at 118 (5th ed. 1992). See, also, *Staples v. U.S.*, ____ U.S. ____, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994); *Ratzlaf v. U.S.*, ____ U.S. ____, 114 S. Ct. 655, 126 L. Ed. 2d 615 (1994); *United States v. United States Gypsum Co.*, 438 U.S. 422, 98 S. Ct. 2864, 57 L. Ed. 2d 854 (1978); *Morissette v. United States*, 342 U.S. 246, 72 S. Ct. 240, 96 L. Ed. 288 (1952); *U.S. v. Gendron*, 18 F.3d 955 (1st Cir. 1994); *U.S. v. Schnell*, 982 F.2d 216 (7th Cir. 1992); *U.S. v. Singleton*, 946 F.2d 23 (5th Cir. 1991); *U.S. v. Semenza*, 835 F.2d 223 (9th Cir. 1987); *United States v. Wulff*, 758 F.2d 1121 (6th Cir. 1985).

We are now again asked to overrule longstanding decisions of this court requiring criminal intent for second degree murder. The fact that some lower courts and prosecutors were unaware of or ignorant of this court's decisions since 1983 should not thereby force this court to ignore stare decisis and change the law to accommodate such error in order to secure or uphold a conviction. Stare decisis is a fundamental principle of law. See *Muller v. Nebraska Methodist Hospital*, 160 Neb. 279, 70 N.W.2d 86 (1955).

Judges must be faithful to the law. Canon 3B(2) of the

Nebraska Code of Judicial Conduct. The preamble to the Code of Judicial Conduct states that the "law" denotes all court rules adopted by this court, as well as statutes, constitutional provisions, and decisional law. A judge shall respect the law and must act at all times in a manner that promotes public confidence in the integrity of the judiciary. Canon 2A of the Code of Judicial Conduct.

This is not the first time that the district court for Douglas County has ignored binding precedent. *State v. Plant, ante* p. 52, 532 N.W.2d 619 (1995); *State v. Wilson,* 247 Neb. 948, 530 N.W.2d 925 (1995); *State v. Williams,* 247 Neb. 931, 531 N.W.2d 222 (1995). Failure to follow precedent can be a violation of the judge's sworn duty. The integrity of the judicial system dictates that courts follow binding precedent. Conscious failure to do so constitutes contempt for the system. This court is bound to act, and will when we deem it appropriate, when a judge continues to ignore decisions of this court. *In re Complaint Against Staley,* 241 Neb. 152, 486 N.W.2d 886 (1992).

As a result of the prejudicial jury instructions, we must and do grant Lowe the relief that the district court willfully and erroneously denied.

## CONCLUSION

We reverse the judgment of the district court and set aside Lowe's conviction of second degree murder. Furthermore, because Lowe's conviction of use of a deadly weapon in the commission of a felony is predicated upon his conviction of a felony, it must also be reversed. *Wilson, supra; Williams, supra.* The cause is remanded to the district court with direction to grant Lowe a new trial.

REVERSED AND REMANDED WITH DIRECTION.

CONNOLLY, J., dissenting.

I respectfully dissent from the result reached by the majority, based on my agreement with Justice Wright's dissenting opinion in *State v. Grimes,* 246 Neb. 473, 519 N.W.2d 507 (1994).

WRIGHT, J., joins in this dissent.