STATE OF NEBRASKA, APPELLEE, V. BRYAN E. BARFOOT, APPELLANT.

534 N.W.2d 572

Filed June 30, 1995. No. S-94-1096.

Bryan E. Barfoot, pro se.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

PER CURIAM.

Bryan E. Barfoot appeals from the Dawson County District Court's judgment overruling his motion for postconviction relief from an accepted plea of nolo contendere to a charge of second degree murder. We reverse the district court's order and remand the cause with directions to grant Barfoot a new trial because the information charging Barfoot with second degree murder did not include malice as an element of the crime.

## BACKGROUND

In August 1986, Barfoot entered a nolo contendere plea to the charge of second degree murder in connection with the death of his wife. He was sentenced to imprisonment for a term of 10 years to life. Barfoot filed a direct appeal, in which the judgment was summarily affirmed.

On October 31, 1994, Barfoot filed a motion for postconviction relief, claiming that the information on which he was charged omitted malice as an element of the crime and that he received ineffective assistance of counsel because his attorney failed to inform him of the elements of the crime for which he was charged and because his attorney failed to object to both the information and the constitutionality of Neb. Rev. Stat. § 28-304 (Reissue 1989).

In its order, the district court reasoned that the lack of the word "malice" in the information was not considered to be plain error upon the direct appeal and that it should not be considered plain error for the purposes of a motion for postconviction relief. The court further reasoned that Barfoot's attorney performed in accord with the standard of an attorney with ordinary training in criminal law, citing the inequity of requiring an attorney to "anticipate decisions of the Nebraska Supreme Court." Based on these findings, the court overruled the motion. Barfoot appeals from that ruling.

## ASSIGNMENTS OF ERROR

Barfoot argues that the district court erred (1) in finding that the statute under which he was charged was constitutional, (2) in finding that the failure of the information to include malice as an element was not plain error, and (3) in finding that Barfoot had received effective assistance of counsel.

## STANDARD OF REVIEW

A criminal defendant seeking postconviction relief has the burden of establishing a basis for such relief, and the findings of the district court will not be disturbed unless clearly erroneous. *State v. Williams,* 247 Neb. 931, 531 N.W.2d 222 (1995); *State v. Barrientos,* 245 Neb. 226, 512 N.W.2d 144 (1994). The appellant in a postconviction proceeding has the burden of alleging and proving that the claimed error is prejudicial. *State v. Williams, supra; State v. Jones,* 246 Neb. 673, 522 N.W.2d 414 (1994).

An appellate court always reserves the right to note plain error which was not complained of at trial or on appeal but is plainly evident from the record, and which is of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. See, *State v. Eggers,* 247 Neb. 989, 531 N.W.2d 231 (1995); *State v. Wilson,* 247 Neb. 948, 530 N.W.2d 925 (1995); *State v. Williams, supra.*

## ANALYSIS

Malice is an element of second degree murder. The issues raised in this matter have been addressed by this court in a number of recent decisions. See, e.g., *State v. Plant, ante* p. 52, 532 N.W.2d 619 (1995); *State v. Eggers, supra; State v. Wilson, supra; State v. Williams, supra; State v. Secret,* 246 Neb. 1002, 524 N.W.2d 551 (1994); *State v. Dean,* 246 Neb. 869, 523 N.W.2d 681 (1994); *State v. Ladig,* 246 Neb. 542, 519 N.W.2d 561 (1994); *State v. Manzer,* 246 Neb. 536, 519 N.W.2d 558 (1994); *State v. Grimes,* 246 Neb. 473, 519 N.W.2d 507 (1994); *State v. Myers,* 244 Neb. 905, 510 N.W.2d 58 (1994).

The cases cited above, when read together, delineate the following precepts regarding an appeal from an adjudgment of

guilt of second degree murder, whether based on a jury verdict or a plea agreement. The omission of malice as an element of second degree murder in a jury instruction is plain error. *State v. Williams, supra; State v. Myers, supra.* Similarly, the omission of malice as an element of second degree murder in an information is plain error. *State v. Ladig, supra; State v. Manzer, supra.* The failure to include malice as an element in an adjudgment of guilt of second degree murder may be raised as plain error on direct appeal or on a motion for postconviction relief. See, *State v. Plant, supra; State v. Williams, supra; State v. Manzer, supra.*

Barfoot pled nolo contendere to second degree murder based on an information which failed to include malice as an essential element of the crime. The defective information constituted plain error which requires the granting of the motion for postconviction relief. See, *State v. Manzer, supra; State v. Ladig, supra.*

Accordingly, the judgment of the trial court is reversed, and the matter is remanded with directions to grant Barfoot a new trial.

REVERSED AND REMANDED WITH DIRECTIONS.

CONNOLLY, J., dissenting.

I respectfully dissent from the result reached by the majority, based on my agreement with Justice Wright's dissenting opinion in *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994). See, also, *State v. Lowe, ante* p. 215, 533 N.W.2d 99 (1995) (Connolly, J., dissenting).

WRIGHT, J., joins in this dissent.