STATE OF NEBRASKA, APPELLEE, V. JAMES T. HALL, ALSO KNOWN
AS THOMAS DUANE STRAWDER, APPELLANT.

543 N.W.2d 462

Filed February 16, 1996. No. S-95-271.

L. William Kelly, of Kelly & Schroeder, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

Because the information charging him with second degree murder failed to allege that he caused the death of George D. Allen, also known as Joe Allen, with malice, James T. Hall, also known as Thomas Duane Strawder, in a postconviction relief action, asked the district court for Hall County to set aside his conviction of second degree murder.

Finding there was a procedural default on the part of Hall, the district court denied Hall the relief he requested. Hall then appealed to this court.

We find that Hall was charged in a fatally defective information which violated Hall's constitutional rights and prejudiced him. Therefore, the postconviction court's judgment is reversed, the cause is remanded to the district court, and that court is ordered to grant Hall a new trial.

## ASSIGNMENTS OF ERROR

Hall claims the postconviction trial judge erred in not finding that the omission of malice as a material element of second degree murder in the charging information was plain error and in denying his motion for postconviction relief on procedural grounds.

## STANDARD OF REVIEW

A criminal defendant seeking postconviction relief has the burden of establishing a basis for such relief, and the findings of the district court will not be disturbed unless clearly erroneous. *State v. Ryan*, 248 Neb. 405, 534 N.W.2d 766 (1995).

A defendant in a postconviction proceeding has the burden of alleging and proving that the claimed error is prejudicial. *State v. Russell*, 248 Neb. 723, 539 N.W.2d 8 (1995). A defendant in a postconviction proceeding must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or U.S. Constitution. *State v. Lowe*, 248 Neb. 215, 533 N.W.2d 99 (1995). The Nebraska Postconviction Act applies only where a prisoner has sustained such a denial or

infringement of constitutional rights that the judgment is void or voidable. *State v. Sims*, 244 Neb. 771, 509 N.W.2d 6 (1993).

## FACTS

This court detailed the facts of the crime of which Hall was convicted in *State v. Hall*, 242 Neb. 92, 492 N.W.2d 884 (1992). On January 2, 1991, Hall was camouflaging a stolen automobile in Hall County when the victim and his 5-year-old son happened on the scene while inspecting animal traps on their property. Hall fired five .357–Magnum revolver shots into the victim's body, causing the victim's death. The victim's 5-year-old son watched the murder.

Hall was arrested in Kansas and charged in Hall County with murder in the first degree and use of a weapon in commission of a felony. Upon a plea agreement, the State reduced Hall's charge from first degree murder to second degree murder and use of a weapon to commit a felony. The amended information stated that Hall killed "intentionally, but without premeditation." Hall pled guilty to second degree murder and use of a weapon to commit a felony. The court sentenced Hall to life imprisonment for second degree murder and a consecutive 20–year sentence for use of a weapon to commit a felony.

In his direct appeal, Hall claimed that he received an excessive sentence. In affirming the trial court, we held that the life sentence was not an abuse of discretion. *State v. Hall, supra*.

On October 1, 1993, Hall moved for postconviction relief, alleging that due to medical treatment he was incompetent at the time of his guilty plea. The district court denied Hall postconviction relief. Hall appealed, and we summarily affirmed the district court judgment.

On February 2, 1995, Hall filed a second motion for postconviction relief. He alleged that his guilty plea to second degree murder was void because the charging information to which Hall pled guilty did not include "malice" as a material element of the crime. Hall further alleged that his conviction was void because the information's omission of a material element of the crime was plain error.

The district court denied Hall postconviction relief. In its order, the district court noted that Hall's conviction "may well be voidable" because of the flawed information. However, according to the district court, Hall could have brought to the court's attention the erroneous information either on direct appeal or in the initial postconviction proceeding. Therefore, on grounds of procedural default, the district court denied Hall postconviction relief.

## ANALYSIS

. The essential elements of the crime of murder in the second degree are that the killing be done purposely and maliciously. *State v. Williams*, 247 Neb. 931, 531 N.W.2d 222 (1995), *cert. denied* ____ U.S. ____, 116 S. Ct. 563, 133 L. Ed. 2d 488. For an information to be sufficient to charge a defendant with second degree murder, the information must allege that the accused caused the death of another purposely and maliciously. *State v. Lowe, supra*.

The amended information to which Hall entered a plea of guilty was insufficient to charge Hall with second degree murder because it did not allege that Hall acted maliciously. As Hall correctly points out in his postconviction relief motion, in its 1992 brief on direct appeal in Hall's case, the State acknowledged that "[s]econd degree murder is the intentional *and malicious* taking of a human life which is a serious crime of violence and demonstrates a total disregard for human life." (Emphasis supplied.) Brief for appellee in case No. S–91–919 at 7. As we have previously held, an information which alleges that the defendant committed second degree murder but does not allege that the act was committed with malice fails to allege an essential element of the crime and is plain error, *State v. Manzer*, 246 Neb. 536, 519 N.W.2d 558 (1994), and entitles the defendant to a new trial. See *State v. Barfoot*, 248 Neb. 335, 534 N.W.2d 572 (1995). It is undisputed that the amended information charging Hall with second degree murder failed to allege that he caused Allen's death maliciously.

The constitutional violation alleged by Hall was plain error and prejudicial to him because the error resulted in Hall pleading guilty to an information that did not sufficiently charge

him with a crime. The postconviction court erred in denying Hall relief from an unconstitutional conviction on procedural grounds.

The failure to include malice as an element in an adjudgment of guilt of second degree murder may be raised as plain error on direct appeal or on a motion for postconviction relief. *State v. Barfoot, supra.* An appellate court always reserves the right to note plain error of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Wilson*, 247 Neb. 948, 530 N.W.2d 925 (1995).

Hall's second degree murder conviction is premised upon an insufficient information which does not allege one of the essential elements that constitutes the crime of second degree murder. To use a procedural default or waiver as a means of ignoring a plain error that results in an unconstitutional incarceration would place form over substance; would damage the integrity, reputation, and fairness of the judicial process; and would render the plain error doctrine and postconviction relief remedies meaningless. *State v. Plant*, 248 Neb. 52, 532 N.W.2d 619 (1995).

## CONCLUSION

We reverse the postconviction judgment of the district court and set aside Hall's conviction of second degree murder. Because Hall's conviction of use of a weapon to commit a felony is predicated upon his conviction of second degree murder, it must also be reversed. The cause is remanded to the district court with direction to grant Hall a new trial.

REVERSED AND REMANDED WITH DIRECTION.

FAHRNBRUCH, J., concurring.

I vote for the majority opinion. In addition, I would point out that the concerns of the dissenters in this case have been amply addressed in the majority opinion here and in the majority opinion and in my concurrence in *State v. Ryan, ante* p. 218, 543 N.W.2d 128 (1996).

WHITE, C.J., and CAPORALE and LANPHIER, JJ., join in this concurrence.

WRIGHT, J., dissenting.

The majority concludes Hall was prejudiced because his conviction was premised upon an insufficient information which did not allege that malice is one of the essential elements which constitutes the crime of second degree murder. Malice is defined as the intentional doing of an unlawful act without just cause or excuse. See *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994).

Hall caused the victim's death by shooting him five times with a .357–Magnum revolver while the victim's 5–year–old son watched. Under what conceivable theory was Hall prejudiced when he entered his plea of guilty to second degree murder?

CONNOLLY and GERRARD, JJ., join in this dissent.