STATE OF NEBRASKA, APPELLEE, V. KEVIN DEAN RANDALL, APPELLANT.

545 N.W.2d 94

Filed March 29, 1996.   No. S-94-1192.

Thomas J. Klein, Deputy Saunders County Public Defender, for appellant.

Don Stenberg, Attorney General, J. Kirk Brown, and, on brief, Delores Coe-Barbee for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

Kevin Dean Randall appeals from the Saunders County District Court's judgment overruling his motion for postconviction relief from an accepted plea of guilty to a charge of second degree murder. We reverse the district court's order and remand the cause with directions to grant Randall a new trial because the information charging Randall with second degree murder did not include malice as an element of the crime.

## BACKGROUND

The State charged Randall with first degree murder for the November 22, 1979, death of Wayne Armstrong. On March 18, 1980, Randall pled guilty to second degree murder (Neb. Rev. Stat. § 28-304 (Reissue 1989)) pursuant to a plea agreement with the State. The amended information charged that Randall committed murder in the second degree by causing the death of Armstrong, intentionally, but without premeditation. The amended information made no reference to Randall's actions being committed with malice. The district court accepted Randall's plea of guilty to the amended charge.

Randall was sentenced to serve not less than 30 years' nor more than life imprisonment. He appealed his sentence, claiming error for being given an indeterminate sentence. Upon review, this court reversed, and remanded for resentencing. *State v. Randall*, 208 Neb. 248, 302 N.W.2d 733 (1981). On remand, Randall was sentenced to life imprisonment.

On August 5, 1994, Randall filed a second amended motion for postconviction relief seeking to set aside his conviction for second degree murder. Randall's motion alleged that the information on which he was convicted and sentenced failed to establish the prima facie elements of murder in the second degree and that he received ineffective assistance of counsel. The district court denied Randall's second amended motion for postconviction relief, and he appeals.

## ASSIGNMENTS OF ERROR

Randall argues that the district court erred in not granting his second amended motion for postconviction relief because (1) his conviction is void in that the amended information on which he was convicted for second degree murder failed to contain the prima facie element of malice, and (2) he received ineffective assistance of counsel.

## STANDARD OF REVIEW

A criminal defendant seeking postconviction relief has the burden of establishing a basis for such relief, and the findings of the district court will not be disturbed unless clearly erroneous. *State v. Barfoot*, 248 Neb. 335, 534 N.W.2d 572 (1995); *State v. Williams*, 247 Neb. 931, 531 N.W.2d 222

(1995). The appellant in a postconviction proceeding has the burden of alleging and proving that the claimed error is prejudicial. *Id.*

An appellate court always reserves the right to note plain error which was not complained of at trial or on appeal but is plainly evident from the record, and which is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, or fairness of the judicial process. *Id.*

## ANALYSIS

This court has addressed numerous times whether a defendant is entitled to postconviction relief from a second degree murder conviction when malice as an element has been omitted from the information or jury instructions. We have repeatedly held that malice is an element of second degree murder. See, e.g., *State v. Barfoot, supra*; *State v. Lowe*, 248 Neb. 215, 533 N.W.2d 99 (1995); *State v. Plant*, 248 Neb. 52, 532 N.W.2d 619 (1995); *State v. Eggers*, 247 Neb. 989, 531 N.W.2d 231 (1995); *State v. Wilson*, 247 Neb. 948, 530 N.W.2d 925 (1995); *State v. Williams, supra*; *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994); *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994); *State v. Ladig*, 246 Neb. 542, 519 N.W.2d 561 (1994); *State v. Manzer*, 246 Neb. 536, 519 N.W.2d 558 (1994); *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994); *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994).

The omission of malice as an element of second degree murder in an information constitutes plain error. *State v. Barfoot, supra*; *State v. Ladig, supra*; *State v. Manzer, supra*. The failure to include malice as an element in an adjudgment of guilt of second degree murder may be raised as plain error on direct appeal or on a motion for postconviction relief. See, *State v. Barfoot, supra*; *State v. Plant, supra*; *State v. Williams, supra*.

Randall pled guilty to second degree murder based on an information which failed to include malice as an essential element of the crime. The defective information constituted plain error which requires the granting of Randall's motion for

postconviction relief. See, *State v. Barfoot, supra*; *State v. Ladig, supra*; *State v. Manzer, supra*. Accordingly, we reverse the judgment of, and remand the matter to, the district court with directions to grant Randall a new trial.

REVERSED AND REMANDED WITH DIRECTIONS.

FAHRNBRUCH, J., concurring.

I agree with the majority opinion, but write separately to respond to the dissent. The dissenting opinion contends that an information which omits a necessary element of the crime charged does not necessitate a new trial in this case because Randall's guilty plea was counseled and voluntary.

We have held that the failure of an information to state a crime may be raised at any time. *Nelson v. State*, 167 Neb. 575, 94 N.W.2d 1 (1959). If an information for second degree murder does not include the element of malice, the defendant has not been charged with a crime. *State v. Lowe*, 248 Neb. 215, 533 N.W.2d 99 (1995); *State v. Plant*, 248 Neb. 52, 532 N.W.2d 619 (1995). Thus, the defect in the charging document against Randall is not a matter of mere form. Rather, the information to which Randall pled guilty does not, on its face, charge him with a crime. An information so defective that it omits an essential element of the crime itself so as to charge no crime at all is fatally defective of such a fundamental character as to make the indictment or information wholly invalid and not subject to waiver by the accused. See *In re Interest of Durand. State v. Durand*, 206 Neb. 415, 293 N.W.2d 383 (1980). That Randall pled guilty to a fatally defective information does not lessen the constitutional deprivation of his being convicted and sentenced on an information that does not charge him with a crime.

WRIGHT, J., dissenting.

I dissent from the opinion of the majority. Basing his claim on *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994), Randall claims the amended information, which did not charge malice as an element of second degree murder, failed to establish a prima facie element of the crime.

*Grimes* held that

> [t]he essential elements in the crime of murder in the second degree are that the killing be done purposely and maliciously. *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994); *State v. Franklin*, 241 Neb. 579, 489 N.W.2d 552 (1992); *State v. Dean*, 237 Neb. 65, 464 N.W.2d 782 (1991); *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988); *State v. Ettleman*, 229 Neb. 220, 425 N.W.2d 894 (1988); *State v. Moniz*, 224 Neb. 198, 397 N.W.2d 37 (1986); *State v. Rowe*, 214 Neb. 685, 335 N.W.2d 309 (1983). This has been the law in this state since 1983.

246 Neb. at 483, 519 N.W.2d at 515.

Effective January 1, 1979, the Legislature defined the crime of second degree murder as the intentional killing of another without premeditation. See Neb. Rev. Stat. § 28-304 (Reissue 1989). On November 22, 1979, Randall and his accomplices beat the victim and placed him in the trunk of a car. They later removed him from the trunk, beat him repeatedly over the head with a metal bar, and then threw him off a bridge into the water.

Randall was charged with first degree murder, but pursuant to a plea agreement, he pled guilty to second degree murder. Randall asserts that his conviction is void because the amended information did not contain the element of malice and because he received ineffective assistance of counsel. At the time of his conviction, neither this court nor the Legislature recognized malice as an element of second degree murder. Randall has not shown that his counsel was ineffective or how he could have been prejudiced by pleading guilty to second degree murder to avoid a first degree murder conviction and the possibility of a death sentence.

Randall now asks for the opportunity to present a reason for murdering the victim. If he had a just excuse for the killing, he should have gone to trial; instead, he pled guilty to a lesser charge. He is not entitled to a new trial. His plea was counseled and voluntary. I see no justifiable reason to grant Randall a new trial.

CONNOLLY and GERRARD, JJ., join in this dissent.